# Louisville & Nashville R. R. Co. v. City of Bessemer.

## Bill for Injunction.

1. *Municipal corporations; reasonableness of ordinance.*—Where by charter, a power is given a municipal corporation, such authority must be exercised in a reasonable manner, and unless the charter defines the extent, and manner and means of executing a particular power, leaving no discretion in the municipal body as to how it shall be done, the reasonableness of the ordinance exercising it, is always open to inquiry.

2. *Dissolution of injunction. Sufficiency of allegations of bill.*—The dissolution of an injunction will be allowed only upon the want of equity in the bill, or the denials of a verified answer, and on such motion, technical errors or inaccuracies in the bill are not available. Where the statements of the bill are little more than conclusions; but the defendant accepts them as statements of facts by failing to demur, they will support the equity of the bill, and authorize evidence in support thereof.

[Louisville & Nashville R. R. Co. v. City of Bessemer.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. THOMAS COBBS.

This bill was filed by the appellant against the appellee on June 6th, 1895, and sought to have declared unreasonable and void, an ordinance of the City of Bessemer, requiring a certain portion of the complainants track to be lighted at certain times in a specified manner, and also, to enjoin the defendant from enforcing said ordinance, and to enjoin the further prosecution of an employee of complainant for a violation of such ordinance. The complainant claimed that by such action, a multiplicity of suits would be avoided. The material allegations of the bill are set out in the opinion.

Upon the filing of the bill, and giving bond as required by the fiat of the chancellor, a temporary injunction was granted. The defendant made an unsworn answer, setting up legislature authority to pass the ordinance, denying certain allegations of the bill, and setting up facts tending to show the reasonableness of the ordinance. Thereupon the defendant moved to dissolve the temporary injunction upon the following grounds: (1) The full and fair denials of the answer. (2) That there was no equity in the bill. (3) That defendant had authority to pass the ordinance. (4) That the ordinance was reasonable.

This motion was granted, and the injunction dissolved, from which the complainant appealed.

THOS. G. JONES, for appellant.—The bill for injunction is well filed if the ordinance is unreasonable, and the execution of it would lead to a multiplicity of suits. *Mobile v. L. & N.* 84 Ala. 115; *City Council of Montgomery v. L. & N.* 84 Ala. 127.

The allegations of the bill not being demurred to, the conclusions of law therein, will be treated as statements of facts from which the conclusion would be drawn.

The answer not being sworn to, cannot be considered.

TROTTER & MCADORY, and SAM WILL JOHN, for appellee.—The decree should be affirmed, regardless of the fact that the answer is not sworn to, for two reasons; first, because there is no equity in the bill, and second, because the bill, by encorporating *in extenso*, the ordinance of the City of Bessemer, contains in itself a de-

nial of all equity of the bill, and is self-contradictory. The ordinance is not unreasonable in its requirements.

HEAD, J.—The charter of the city of Bessemer authorizes the city council to compel railroad companies to light their tracks, in such manner, and at such points, as it may consider necessary for the convenience and safety of the city. It is contended on the part of the city that this confers an unqualified, arbitrary power to require such character of lights, at such places, within the city, as the city council may desire, without regard to whether the requirement is reasonable or unreasonable. There is no practical difference between this charter power and any other legislative authority to municipal corporations to pass ordinances. As in all such cases, the meaning is that the authority must be exercised in a reasonable manner. Unless the charter defines the extent, and manner and means of executing a particular power, leaving no discretion in the municipal body as to how it shall be done, the reasonableness of the ordinance is always open to inquiry. Here the manner of lighting the tracks and the places to be lighted are expressly left to the discretion of the city council, which discretion they must exercise in a just and reasonable way.

The question of more difficulty is, whether the bill, when considered even on a motion to dissolve the injunction, is sufficient to show, that the ordinance therein set out, is unreasonable. We cannot consider the answer, in passing upon the motion, for the reason that it is not sworn to. Rule Ch. Pr. 35, Code p. 817. The first fact alleged in the bill, touching the reasonableness of the ordinance, is, "that comparatively few trains pass over its said railroad at said part of said city required to be lighted up by said ordinance, and the said Third Avenue, between 20th and 21st Streets, (the places required to be lighted) is not so much travelled that it has become such a thoroughfare as to require lighting in order that people and vehicles can cross said railroad at said point with ease, dispatch and safety, for they can do so now." The second is, that "a compliance with said ordinance, on the part of complainant, would necessitate a great expenditure of money by complainant. The third is, "that said ordinance is unreasonable,

[Simon & Son v. Johnson.]

in that it requires complainant to put, place, keep and maintain any light at all at such point." The fourth, that it is "unreasonable, in that it requires complainant to put, place, keep and maintain an electric arc light of sufficient power and brilliancy to be determined by said city at said point." There are other conclusions stated, as proper constructions of the ordinance, which appellant's counsel very properly concede, in argument, are not well taken.

The dissolution of an injunction will be allowed only upon the want of equity in the bill, or the denials of a verified answer. Upon motion to dissolve, technical errors or inaccuracies are not available. All amendable defects are regarded as amended. 3 Brick. Dig. 352, §§ 298, 299, 300. Whilst the statements of the present bill, which we have above set out, are little more than conclusions, and confessedly insufficient on demurrer, yet it was competent for the respondent to accept them, as averments of fact; and in the absence of objection, by demurrer, they will support the equity of the bill, and justify the admission, in evidence, of such facts as will show the ordinance to be unreasonable, without offending the rule that the *allegata* and *probata* must correspond. *Ashurst v. Peck*, 101 Ala. 499, 3rd and 4th head notes.

Reversed, temporary injuction reinstated and cause remanded.