## FIRE PROTECTION CO. v. HAWKEYE TIRE & RUBBER CO. et al.

(Circuit Court of Appeals, Eighth Circuit. October 7, 1925. Rehearing Denied January 9, 1926.)

No. 6773.

1. **Sales 474(2)—Contract for sale of automatic sprinkler system held conditional, within recording statute.**

Contract for sale of automatic sprinkler equipment, providing that seller retains title until full payment shall have been made, which in the meantime, at the option of seller, shall be held in storage as seller's property, with right to enter on premises and remove same in case of default, *held* a contract wherein transfer of title or ownership of personal property is made to depend on a condition, within Code Iowa 1897, § 2905, making such contracts invalid against creditors, unless acknowledged and recorded in like manner as chattel mortgages.

2. **Sales 477(4)—Seller under conditional contract held to have waived option to remove property by proceedings to enforce collection of purchase price.**

Under contract for sale of automatic sprinkler equipment, reserving title to seller, seller had option to renounce its claim of title and collect purchase price, but not to remove sprinkler system and also collect purchase price; and filing of claim for mechanic's lien, counterclaim for purchase price, and cross-petition in buyer's action to avoid such mechanic's lien was an irrevocable exercise of option, barring subsequent claim of right to remove property.

3. **Lis pendens 22(1)—Lis pendens in mechanic's lien action held notice that seller under conditional contract waived title to automatic sprinkler equipment.**

Where seller of automatic sprinkler system under conditional contract claimed mechanic's lien on building, and resisted proceedings to set it aside by cross-petition and counterclaim for purchase price, a notice of lis pendens filed under Code Iowa 1897, § 3543 gave notice to creditors, not that seller claimed title, but that it had renounced and estopped itself from enforcing such claim.

4. **Sales 480(4)—Evidence held to support finding that creditor had no knowledge of claim of title under unrecorded conditional contract of sale.**

In reclamation proceedings by seller under conditional contract of automatic sprinkler equipment, resisted by trustee for bondholders of insolvent buyer, evidence *held* to warrant finding that pledgee of bonds had no notice or knowledge that seller claimed title under contract, not recorded as required by Code Iowa 1897, § 2905.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Proceeding for receivership of the Hawkeye Tire & Rubber Company, in which the Fire Protection Company intervened, seeking to reclaim certain property, which claim was opposed by the trustee for bondholders of the corporation. From an adverse decree, the intervener appeals. Affirmed.

O. C. Herminghausen, of Ft. Madison, Iowa, and John J. Seerley, of Burlington, Iowa (Herminghausen & Herminghausen, of Ft. Madison, Iowa, and Seerley & Clark, of Burlington, Iowa, on the brief), for appellant.

C. D. Waterman, of Davenport, Iowa (Joe R. Lane and Lane & Waterman, all of Davenport, Iowa, on the brief), for appellees.

Before SANBORN and KENYON, Circuit Judges, and SCOTT, District Judge.

SANBORN, Circuit Judge. About February 20, 1918, the Fire Protection Company, a corporation, under its former name, the Kellogg-Mackay Equipment Company, made a written contract with the Perfection Tire & Rubber Company to furnish and erect a system of automatic sprinklers in the tire company's factory and manufacturing plant at Ft. Madison, Iowa, for $19,726, to be paid at times specified on or before October 15, 1918. The protection company furnished

and installed the sprinkler system, but the tire company never paid for it, became insolvent, and its factory, plant, and other property are in the hands of receivers appointed by the court below to assist in the liquidation of its obligations.

The contract for the system of sprinklers contained this paragraph:

"The Kellogg-Mackay Equipment Company retains title to the material and equipment until full cash payment shall have been made therefor, and which in the meantime, at the option of the Kellogg-Mackay Equipment Company, shall be held in storage as its property, but without any storage charges to it, with the right to the Kellogg-Mackay Equipment Company to enter upon the premises and remove the same in case of any default."

On March 9, 1923, the protection company, by leave of the court below, filed its petition in intervention in the suit for the liquidation of the obligations of the tire company, and prayed for a finding by the court that it was the owner of the sprinkler system and that it had the right to remove it from the property of the tire company.

On December 23, 1921, the tire company had made its mortgage of all its property to the Corporation Trust Company of New York, trustee, to secure the payment of its first mortgage bonds to the amount of $1,-500,000, and this mortgage had been duly filed for record on January 5, 1922. Thereupon the bonds secured by it, of the par value of $197,500, were sold by the tire company to various parties and are outstanding, and bonds secured by it of the par value of $1,302,500 were and still are pledged to the Nemours Trading Company, a corporation, to secure the indebtedness of the tire company to that corporation to the amount of about $977,000.

The trustee for the bondholders answered the petition of the protection company for the possession of the sprinkler system, that the contract for the furnishing of the sprinkler system was never filed for record or recorded in the county in which the factory and plant were situated, and that the lien of the bondholders thereon and on the sprinkler system installed therein was superior in law and equity to any right therein or claim thereon by the protection company. By order of the court below the question which of these claims was superior in right and equity was referred to Hon. Charles M. Dutcher, who was appointed special master in this case and authorized and directed to hear and record the evidence presented by the parties in interest, make findings of fact and conclusions of law, and report them to the court. All this he did patiently, instructively, and exhaustively. His conclusion was that the first mortgage and trust deed of the Corporation Trust Company, filed in the office of the county recorder of Lee county, Iowa, on the 5th day of January, 1922, was and is a first lien upon the automatic sprinkler system here in question and upon all the materials therein, free from all the claims of the protection company. These findings and conclusions were challenged by counsel for the protection company, but the court below confirmed them, rendered a decree in favor of the bondholders and their trustee, and counsel for the protection company have appealed from that decree.

They do not claim that the tire company is not indebted to the bondholders and their trustee in the amount which has been stated, nor that they have not a valid lien upon all the property of the tire company; but they insist that the claim of the protection company to the sprinkler system and the material therein, and to the removal thereof, is superior to that lien, because the bondholders had notice of its claim before they purchased the mortgage bonds, about January 5, 1922, when the mortgage was filed for record.

[1] Their first contention is that the court below committed a fatal error by ruling that the sprinkler contract between the protection company and the tire company, which was never recorded in accordance with the laws of Iowa, was subject to section 2905 of the Code of Iowa of 1897, which declares that "no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages."

In support of this position they cite authorities to the effect that no sale or contract of sale is so complete as to pass the title to the property sold so long as anything remains to be done to it to put it in the condition required by the contract. Davis Gasoline Engine Co. v. J. R. McHugh, 115 Iowa, 415, 88 N. W. 948; McClung v. Kelley, 21 Iowa, 509; Amundson v. Printing Co., 140 Iowa, 465, 118 N. W. 789; Bentley v. Snyder, 101 Iowa, 1, 69 N. W. 1023. But this statute is not limited to sales or contracts of sale whereby title is transferred. By its express terms it includes any contract wherein

the transfer of title or ownership of personal property is made to depend on any condition, and the sprinkler agreement was such a contract, for the transfer of title or ownership of personal property was by its terms made to depend, in case of the proposed vendee's default in the payment when due of any part of the agreed price, upon the condition that the protection company exercised its option not to retain the title, but to enforce collection of the purchase price. A comparison of the statute and the sprinkler contract is a conclusive demonstration that there was no error in the ruling of the court below here challenged.

The master and the court below, upon a consideration of all the evidence, found that neither the trustee nor the bondholders nor the Nemours Trading Company had any notice of the claim of the protection company to the title to and the right of removal of the sprinkler system at the time the mortgage was filed and the Nemours Company took the bonds. This finding is assailed on two grounds: First, that there was no sufficient evidence of lack of actual notice; and second, that they are charged with notice by the notice of lis pendens in the suit of the tire company commenced December 1, 1919, against the protection company to avoid the latter's claim of a mechanic's lien filed October 7, 1919, on the sprinkler system and the real estate of the tire company on which it was installed. The Code of Iowa (section 3543) provides that:

"When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and, while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's rights, if the real property affected be situated in the county where the petition is filed."

The notice of lis pendens here was noted in the lis pendens record when the suit was commenced, and counsel argue that it was notice to the Nemours Company that the protection company claimed and had the title to and the right of removal of the sprinkler system from the real estate of the tire company on which it stood. The question is: Did this notice of lis pendens give any notice to the Nemours Company about January, 1922, when it took the mortgage bonds, that the protection company had or claimed the title to or right of removal of the sprinkler system under the contract of sale?

In the consideration of this question let the fact be borne in mind that the contract of sale did not reserve to the protection company the absolute right of removal of the sprinkler system on default of payment, but the option to retain title, store and remove, or to renounce title and recover the purchase price. In January, 1922, when the Nemours Company acquired the mortgage bonds, this lis pendens gave notice to that company (1) of the contract of sale, a copy of which was attached to the notice of the mechanic's lien filed by the protection company on October 7, 1919, wherein that company claimed that there was then due to it $20,801 for the sprinkler system, and that it had a mechanic's lien thereon and on the real estate of the tire company on which it was installed for that amount; (2) that the tire company had brought suit in the district court of Lee county, Iowa, against the protection company, on December 1, 1919, to set aside this claim of a mechanic's lien on the ground that by the terms of the contract of sale it had taken collateral security for the purchase price; (3) that the protection company had filed in that court its cross-petition for the enforcement of its claim for the mechanic's lien and its counterclaim for the purchase price; and (4) that the Lee county court had dismissed the cross-petition and counterclaim on March 8, 1921. The record in the suit in hand leaves that suit in the state court still pending; but the Supreme Court of Iowa, on an appeal from the district court of Lee county, subsequently held that the claim for the mechanic's lien could not be sustained, because the protection company took collateral security by the contract of sale, but that the counterclaim for the purchase price might be sustained. Perfection Tire & Rubber Co. v. Kellogg-Mackay Equipment Co., 194 Iowa, 523, 187 N. W. 32.

[2, 3] By the contract of sale the protection company, upon default in the payment of the purchase price, had the right to exercise its option to retain title, store and remove the sprinkler system, or to renounce its claim of title and enforce the collection of the purchase price. It had no option or right to do both, and a renunciation of its claim of title and right of removal and its election to enforce collection of the purchase price by filing its claim for its mechanic's lien, by filing its counterclaim for the purchase price and its cross-petition for the enforcement of its mechanic's lien in the state court, was an irrevocable exercise of its option. The choice it reserved was not a choice of inconsistent remedies merely; it was a choice of contrary rights, of the right to title and possession of the sprinkler system and the right to the purchase price of it, rights which could not exist

and be enforced at the same time; and the notice of lis pendens in the Lee county suit, instead of giving the Nemours Company notice of the protection company's claim of title and right of removal of the sprinkler system, gave it notice that by its failure to make any such claim from 1918, when default had been made in payment of the purchase price, until after the Nemours Company took the bonds, by its filing of its claim for a mechanic's lien on October 7, 1919, and its petition to enforce it and its counterclaim for the purchase price of the sprinkler system, it had renounced and estopped itself from enforcing any such claim. Van Winkle v. Crowell, 146 U. S. 42, 13 S. Ct. 18, 36 L. Ed. 880; Robb v. Vos, 155 U. S. 13, 40, 43, 15 S. Ct. 4, 39 L. Ed. 52; United States v. Oregon Lumber Co., 260 U. S. 290, 295, 43 S. Ct. 100, 67 L. Ed. 261; Richards v. Schreiber, 98 Iowa, 422, 67 N. W. 569; Kearney Elevator Co. v. Union Pacific Ry. Co., 97 Iowa, 719, 66 N. W. 1059, 59 Am. St. Rep. 434.

[4] A single question remains: Was the proof of lack of actual notice and knowledge by the Nemours Company of the protection company's claim to the title to and right of removal of the sprinkler system insufficient to sustain the finding that it had no such notice or knowledge? Upon this subject the evidence is, first, the lis pendens and the proceedings in the suit in the state court which disclosed the choice of the protection company to renounce and its estoppel from enforcing its claim to the title and removal of the sprinkler system; second, the testimony of Mr. Mills, the vice president and general manager of the Nemours Company, that he was the only officer of that company who was engaged in the negotiations through which the company obtained the mortgage bonds it holds, that every transaction of the Nemours Company with the tire company regarding this matter was negotiated by him personally, and that he never had any knowledge during these negotiations that the protection company had or claimed any ownership in or lien on the sprinkler system; and, third, that Mr. Black, an attorney at law, a director of the tire company, who was the attorney of the Nemours Company in some matters, drew the trust deed and looked over the abstract of title of the property mortgaged by that deed.

The special master, who saw and heard the witnesses, and the court below, which reviewed their testimony, were of the opinion that this evidence was sufficient to sustain their conclusion that the Nemours Company had no notice, when it acquired the bonds, of the claim of the protection company to the title and right of removal of the sprinkler system, and upon a careful review of the testimony we are of the opinion that there was no error of law or mistake of fact in this conclusion, and the decree below must be affirmed.

It is so ordered.