165 So. 387

## BURCH v. BURCH.
### 3 Div. 136.

Supreme Court of Alabama.
Jan. 23, 1936.

Powell & Hamilton, of Greenville, for appellant.

T. W. Thagard, of Greenville, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decree overruling the defendant's demurrer and motion to dissolve the temporary injunction. The motion to dissolve is grounded on the want of equity in the bill, and also upon the fact that at the time the injunction was granted, the averments of the bill were not verified by the oath.

■ A motion to dissolve confesses the averments of the bill, whether well or ill pleaded, and in the absence of a verified answer denying all of the bill's material averments can be grounded only on a want of equity in the bill. Town of Clio v. Lee, 199 Ala. 145, 74 So. 243; Chambers et al. v. Alabama Iron Company, 67 Ala. 353; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

■ The irregularity of granting the temporary injunction on the unverified bill may be ground for motion to discharge or vacate' the injunction, but not ground for motion to dissolve. Town of Clio v. Lee, supra; Ex parte Sayre, 95 Ala. 288, 11 So. 378.

■ Appellant concedes, and we think correctly so, that the complainant, on the facts stated in the bill—that the mortgage debt was paid with money advanced by the complainant at the request of the defendant, with the agreement that the mortgage would be transferred to the complainant as security—was, in equity, entitled to be subrogated to the right and security of the mortgagee, Chambliss. 60 C.J. p. 715, § 26; Arnett v. Willoughby et al., 190 Ala. 530, 67 So. 426; Cook v. Kelly et al., 200 Ala. 133, 75 So. 953; Brooks et al. v. Capps et al., 217 Ala. 375, 115 So. 864.

■ This relief could be granted under the general prayer, and the fact that specific relief was prayed, which the facts did not warrant, did not render the bill demurrable. Skidmore v. Stewart, 199 Ala. 566, 75 So. 1.

The decree of the circuit court overruling the motion and demurrer was, therefore, free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.