11 So.2d 160

**FARMER v. HILL et al.**

**6 Div. 991.**

Supreme Court of Alabama.

Dec. 22, 1942.

544

E. W. Skidmore, of Tuscaloosa, for appellant.

C. W. Gross, of Tuscaloosa, for appellees.

BOULDIN, Justice.

Appellees, as mortgagees of real estate, filed their bill to enforce a right of redemption from a sale for taxes under the terms of Section 3109, Code of 1923, now Section 303, Revenue Code of 1940, also appearing as Section 303, Title 51, Code of 1940. The lands were purchased at tax sale by the State. Respondent purchased from the State. See Farmer v. Hill, 240 Ala. 416, 199 So. 820. The original bill alleged complainants are mortgagees under a mortgage executed in 1925 by R. B. Bailey and wife. By amendment these averments were stricken; and in lieu thereof it was averred complainants are mortgagees under another and different mortgage executed in 1927 by W. R. Wyatt. The bill discloses no connection between these mortgages, such as successive mortgages to secure the same debt. Demurrers challenged the amendment as working a departure from the original cause of action; otherwise stated, a complete change of the cause of action by substitution of a new and distinct cause of action.

The appeal is from a decree overruling these demurrers. The sole question for review is one of departure.

■ Liberal rules of amendment both at law and in equity have found expression in statutes and rules of court, and have been given effect in judicial decisions as a well-established policy in the administration of justice. One of these statutes, Section 6526, Code of 1923, is now embodied in Equity Rule 15, Code 1940, Tit. 7, Appendix, reading: "A bill is not necessarily multifarious when it seeks alternative or inconsistent relief growing out of the same subject matter, or founded on the same contract or transaction, or relating to the same property between the same parties."

■ While directly addressed to multifariousness, this rule is vitally related to amendments on the principle that what may have been alleged in the alternative in the first instance, may be brought in by amendment. Garrett v. First National Bank of Montgomery, 233 Ala. 467, 472, 172 So. 611.

■ The several definitive clauses in this rule are in the alternative. This because one alternative may apply to one subject matter and not to another. If the suit grows out of and is based on one contract or transaction, the amendment must deal with that "contract or transaction." But a suit "relating to the same property between the same parties" may grow out of several transactions.

■ Take the instant case for example. The purpose of Section 3109, supra, is to protect the property rights of a mortgagee whose mortgage is of record, by safeguarding his right of redemption from tax sales. Specified notice of tax sales must be given to the mortgagee, else his right of redemption is not cut off by the three year limitation. Alabama Mineral Land Co. v. McFry, 236 Ala. 632, 184 So. 192.

■ This extended right of redemption arises from a status resulting from several events or transactions, viz.: a valid mortgage of record held by complainant; a sale of the mortgaged property for taxes; the purchase of same at such sale, in this case, by the State, and a later conveyance by the State to the present respondent; and a want of notice of the tax sale as per statute. This case is, therefore, governed by the last clause

of Rule 15. Does the amendment relate to the same property as between the same parties? Manifestly, it does. The amendment bases complainant's interest in the property as mortgagee on another and different contract.

Another statute, Section 6558, Code of 1923, now embodied in Equity Rule 28(d), Code 1940, Tit. 7, Appendix, reads: "Amendments to bills may be filed as a matter of right at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief; * * *."

■ One purpose of this statute was to allow amendments as matter of right, not of discretion merely, at any time before final decree. This, as of course, relates to a proper amendment, made subject to terms stated in said rule.

■ The last clause, "to meet any state of evidence which will authorize relief," is primarily to prevent a failure of justice because of variance between pleading and proof theretofore taken. But it applies with equal force to amendments setting up other and different facts, making the issues upon which evidence is to be taken, which, if proven, entitle complainant to relief of like kind between the same parties. Templeton v. Scruggs, 234 Ala. 146, 174 So. 237.

■ One test of frequent application is that the matter set up by amendment must be within the lis pendens of the original suit. Alabama Terminal & Improvement Co. v. Hall & Farley, 152 Ala. 262, 44 So. 592; Nelson v. First National Bank of Montgomery, 139 Ala. 578, 36 So. 707, 101 Am.St.Rep. 52; Sims Chancery Practice 212; King v. Avery, 37 Ala. 169; Adams v. Phillips, 75 Ala. 461; Alabama Consol. Coal & Iron Co. v. Heald, 154 Ala. 580, 45 So. 686; 38 C.J. 51, 34 Am.Jur. 390, par. 36; Fire Protection Co. v. Hawkeye Tire & Rubber Co., 8 Cir., 8 F.2d 810, 45 A.L.R. 180.

■ Tested by this rule the matter of the amendments was within the lis pendens. If complainants had gone to trial on the original bill, and failed of relief for want of proof of the Bailey mortgage as alleged, they would have been concluded against another suit claiming as mortgagees under the Wyatt mortgage.

■ In essence the suit is to enforce the right of redemption in specified property under the statute, Section 3109. In such suit complainant must aver and prove the facts essential to his relief. If he fails to make such averment and proof he is concluded as fully as if he had set forth truly the facts which would have entitled him to the same relief against the same party. His right of redemption is adjudicated and could not be relitigated because he did not correctly set forth the facts of his case. 13 Alabama Digest, Judgment, p. 184, § 713(2).

■ Taking another approach, we observe the statute fixes the terms of redemption in such cases. Among these is that complainant be a mortgagee. If the bill had followed the terms of the statute, not naming the mortgagor, it would have equity, and be demurrable only on the ground that it was lacking in averments descriptive of the mortgage held by complainant as required by good pleading. Cotton v. Holloway, 96 Ala. 544, 12 So. 172; Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343.

There was no error in overruling the demurrer.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.