15 So.2d 333

**RUDISILL v. BUCKNER et al.**

7 Div. 759.

Supreme Court of Alabama.

Oct. 21, 1943.

Knox, Liles, Jones & Woolf, of Anniston, for appellees.

**BROWN, Justice.**

This appeal is from an interlocutory decretal order of the circuit court, sitting in equity, sustaining the demurrer of the defendants to the amended bill, filed by one of the mortgagors against the purchaser at the foreclosure sale made by the mortgagee in the first mortgage, his vendee, and the transferee of the second mortgage.

Both mortgages were executed by the complainant and one B. Edward McGinnis, the first on February 21, 1940, to C. W. Daugette, Jr., to secure an indebtedness of $3,200; and the second to respondent A. E. Buckner or the Anniston Scrap Material Company, to secure an indebtedness of $4,000, of which A. A. Buckner is alleged to

C. H. Young and Duke Logan, both of Anniston, for appellant.

be the transferee and holder. The property covered by said mortgages consists of nine lots numbered from 4 to 12, "in Block B, according to H. B. Blackwell's Subdivision of the property of Hartland-Duke Company, situated on West Tenth Street in the City of Anniston, Alabama."

The bill as amended alleges "that prior to and at the time of the foreclosure by the said C. W. Daugette, Jr., of his first mortgage, the improvements on said lot consisted of a large building suitable for and used for commercial purposes and certain storage tanks used for the storage of gasoline and oil; that respondents removed said tanks and changed the building on said lot from a commercial building to a manufacturing building, and is now conducting therein the business of making iron castings and other metal products and changed the form and size of said building and installed machinery as herein below set forth thereby rendering said building unfit for commercial purposes and entirely changed the use of said building, and complainant avers that said improvements shown on said Exhibit 'A' and herein set forth were unnecessary for the purposes for which said building was suitable and were and are unreasonable, and that Cupola and Stock House, Ramp for carrying up stock, Storage bin for coke, storage bin for sand, installation for raw material scales, cupola with blower, piping and drive, tumbler, grinding stand and drive, cleaning room, core oven, rocks, etc., trolley system in foundry, heat in old office, ventilator fan in old office, reglazing windows, air lines in foundry, patching and painting roof, oil house, borings house, outside tool house, dipping pit and rack, gas lines and burners, old machine shop, new machine shop, trolley system in machine shop, machine shop tool room, power inlet and distribution system, lighting system, wall plug system, bath house, boiler, tanks, showers, etc., new office, wiring new office and bath house, new water system, wiring watchman's house were not and are not improvements within the meaning of the statute, and complainant avers that said statement of the amount required to redeem is grossly excessive and in violation of the intent and purport of the redemption statute."

The bill also alleges "that the said C. W. Daugette, Jr., sold said above described lots en mass and not separately, and that by virtue of said sale, the said lots did not bring a fair and reasonable price and complainant avers that said alleged foreclosure is null and void."

The foreclosure under the power contained in the mortgage occurred on the 19th of February, 1941, and the complainant did not move to redeem until January 27, 1943. The bill was filed on February 1, 1943, without tender of the amount claimed to be due, and the only items disputed relate to the claim for permanent improvements. This claim is contested, not because it is excessive in amount, but on the ground that the additions made are not "permanent improvements" within the scope of §§ 732, 740, T. 7, Code 1940.

The bill as amended presents the case in two aspects: First, that the sale of the property en masse rendered the foreclosure void, and hence complaint is entitled to discharge the mortgage debt and any claim for reasonable and necessary improvements made to maintain the status of the property for the uses to which it was devoted, under the equity of redemptions, applying rents and damages for waste in reduction of such claims. Second, seeks redemption under the statute, without being required to pay the value of improvements made by the purchaser and his vendee in preparing and devoting the property to use as a plant for foundry and machine shops for manufacturing purposes, and to compel the defendants to remove the same and restore the property to its original status, or pay damages for destroying the facilities on the property suitable to the uses to which it was devoted at the time of the foreclosure.

In brief the appellant states: "In presenting this case, we are not unmindful of the distinction between the equity of redemption and the Statutory right of redemption. Appellant seeks to exercise his right under the Statutory right of redemption, and there is no question as to the proper foreclosure of the first mortgage other than the mortgagee's act in selling all of the nine lots en masse rather than separately."

■ In the absence of statute to the contrary, the effect of a sale of mortgaged property at foreclosure under the power of sale in the mortgage en masse or en bloc under circumstances where it is to the interest of the mortgagor debtor to have it sold in separate parcels or tracts, is not to render the sale void, but irregular and voidable on direct attack by bill in equity,

filed by the mortgagor, who must show that the trust incident to the exercise of the power has been abused and that he has suffered detriment in the undue sacrifice of the property, or that his right of redemption has been unduly hampered. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; 37 Am.Juris. 94, § 627; Gibson v. Lyon, 115 U.S. 439, 6 S.Ct. 129, 29 L.Ed. 440; L.R.A. 1917B, 537, 538.

The quoted allegations of the bill, construing them most strongly against the pleader as must be done on demurrer, show that the mortgaged property at the time of the foreclosure, and as for that matter, at the time of the execution of the mortgage, was devoted by the mortgagors to commercial uses, in the operation of a gasoline and oil business, and other allegations are to the effect "that some of the lots were vacated and others were improved by a certain building used for commercial purposes, and others of said lots have constructed thereon storage tanks and other improvements used in and about commercial purposes."

These averments are clearly inconsistent with the pleader's conclusion, stated in the bill, "that said lands are separate parcels distinctly marked for separate and distinct enjoyment as shown on said map." Moreover the facts pleaded do not bring the case within the principle stated, entitling the complainant to relief under the first aspect of the bill, and the court did not err in sustaining the demurrer.

As to the other aspect of the bill which seeks to exercise the statutory right of redemption, it is without equity, unless the appellant's contention that the improvements made on the property are not permanent improvements within the meaning of the statute, Code 1940, T. 7, §§ 732, 740.

The latter section provides: "Any person offering to redeem must pay to the then holder of the legal title the value of all permanent improvements made on the land since the foreclosure sale," etc. And Section 743, T. 7, Code 1940, provides: "The statutory rights of redemption given or conferred by this chapter are mere personal privileges and not property or property rights. The privileges must be exercised by the person, and in the mode and manner prescribed by the statute. * * *"

Being a privilege, granted by the legislature, it was within its competence to prescribe the conditions, within constitutional limitations (Constitution 1901, § 23; see Estes v. Johnson, 234 Ala. 191, 174 So. 632), upon which it may be exercised and who may exercise it. Long v. King, 233 Ala. 379, 171 So. 738; Huie v. Smith, 236 Ala. 516, 183 So. 661.

The only qualifications as to the character of the improvements, the value of which must be paid on exercising the right of redemption, are that they must be permanent and made after the foreclosure and before offer to redeem. Malone v. Nelson, 232 Ala. 243, 167 So. 714. And generally must enchance the value of the property. Smith v. Sulzby, 205 Ala. 301, 87 So. 823; Parmer v. Parmer, 74 Ala. 285, 289.

The limitation of two years within which the privilege may be exercised by § 727 of the Code, T. 7, is qualified and limited by § 728, and may be reduced to ninety days.

In Rodgers v. Dixon, 239 Ala. 72, 193 So. 741, the court was dealing with a bill seeking to protect and enforce the equity of redemption, and the utterances in that case as to the character of improvements that must be compensated for are inapt.

The facts alleged are not sufficient to relieve the complainant of making tender before the filing of the bill, and the demurrer thereto as to this aspect were sustained without error.

Affirmed.

All the Justices concur.