154 So.2d 22

**WGOK, INC., et al.**

v.

**WMOZ, INC.**

I Div. 71.

Supreme Court of Alabama.,

May 30, 1963.

Vincent F. Kilborn and Kilborn, Darby & Kilborn, Mobile, for appellants.

Cecil B. King, Mobile, for appellee.

HARWOOD, Justice.

In the proceedings below the complainant filed its bill seeking to enjoin the respondents from doing certain acts to its detriment which the complainant alleges had been engaged in by the respondents to the injury of the appellee.

The cause came on for hearing in the court below on Friday, May 18, 1962. The record shows that about 3:15 P.M., on that date, and after examination of one witness presented by the appellant, the court, concluding that the case could not be completed that day, and that the hearing would require at least two days more, recessed the hearing to an indefinite time. The court thereupon issued a temporary injunction whereby the respondents were "enjoined from interfering with the status quo of the complainant's business, and enjoining and restraining said respondents, their agents,

servants, and employees from interfering with the conduct of complainant's business and from attempting to entice and decoy its employees away from their employment against their will and from making any statement as set out in the bill to the effect that the complainant is going out of business, or doing anything with intent to interfere with the operation of complainant's business. This case to be reset on the merits at the first day that in the judgment of the court it can conveniently be done, and will continue the case where last left off."

From this order, the respondents below have attempted to perfect an appeal to this court.

■ An appeal does not lie from an order or decree granting a temporary injunction, unless the record shows that an order or decree was made or purported to be made after a hearing, as provided by Sec. 1054, Tit. 7, Code of Alabama 1940. Brooks v. Everett, 271 Ala. 380, 124 So.2d 100, and cases cited therein. As stated in the above opinion, the appellant's remedy in regard to the temporary injunction was by way of a motion to dissolve under the provisions of Sec. 1052, Tit. 7, Code of Alabama 1940, and if the ruling was adverse then appeal lies from such adverse ruling, Sec. 757, Tit. 7, Code of Alabama 1940.

A "hearing" has recently been defined in Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875, as follows:

"A 'hearing' ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inference flowing from the evidence."

■ The record indicates that there were numerous witnesses who were to testify at the hearing below. The court's action in recessing the hearing and continuing it over to an unspecified day was in law no hearing. It is the same as though the court had granted a temporary injunction without a hearing.

At the conclusion of the proceedings below the record discloses the following:

"Mr. Hoffman: * * * I presume that it is proper to file a motion to dissolve the temporary injunction as a matter of procedure so that it can be properly handled from that point on. We respectfully except to the court's action and to the ruling and of course as to the entering of the decree and the issuance of the injunction, separately and severally as to each respondent.

"Court: All right."

The above extract indicates that counsel contemplated filing a motion to dissolve the temporary injunction which the court had indicated it was going to issue, and the court indicated it would be "All right" to file such a motion. The record does not disclose that any such motion was ever filed, nor is there any order by the court in reference to such a motion.

We are clear to the conclusion that under procedural requirements this appeal must be dismissed but without prejudice to the appellant to pursue such further remedies as he may see fit.

In view of the above conclusions we pretermit consideration of the numerous points argued by counsel for appellants which he contends constitute errors compelling a reversal of the decree entered by the court below.

Appeal dismissed without prejudice.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.