182 So.2d 890

**D. B. CLAYTON & ASSOCIATES**

v.

**William J. McNAUGHTON.**

**6 Div. 217.**

Supreme Court of Alabama.

Jan. 6, 1966.

Opinion Extended on Denial of Rehearing

Feb. 10, 1966.

W. W. Conwell, Wingo, Bibb, Foster & Conwell, Birmingham, for appellant.

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from an order dissolving a temporary injunction.

On 22 February 1965, D. B. Clayton & Associates, Inc., doing business as H & R Block Company (hereinafter referred to as Block) filed a verified bill of complaint seeking a temporary injunction against William J. McNaughton (hereinafter referred to as McNaughton). On presentation of the verified bill of complaint to the Hon. J. Edgar Bowron, Presiding Judge of the 10th Judicial Circuit, the matter was set for hearing on 26 February 1965, and it was ordered that a copy of the bill of complaint and the order setting the hearing be served upon McNaughton.

Actually, the bill of complaint and notice setting the hearing were not served upon McNaughton until 3 March 1965, some five days after the temporary injunction was granted on 26 February 1965, by Hon. T. Werth Thaggard, sitting as a special judge, in equity, and McNaughton had no notice of, and was not present, at the time the temporary injunction was granted. The order granting the temporary injunction recites that the matter was submitted to the court upon the bill of complaint and an affidavit. The temporary injunction was therefore issued ex parte, that is, without a hearing, and since a "hearing" ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue inferences from the evidence. WGOK, Inc. v. WMOZ, Inc., 275 Ala. 264, 154 So.2d 22; Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875.

Thereafter, on 23 March 1965, McNaughton filed a demurrer to the complaint, a motion to dissolve the temporary injunction, and a motion to discharge the temporary injunction. Block did not file an answer to this motion but there is in the record an affidavit by David B. Clayton, which was subscribed and sworn to before W. W. Conwell, Notary Public, who is the attorney of record for Block. We assume therefore that this affidavit was filed by Block and the record shows that it was "filed in open court on April 7, 1965."

Thereafter, on 16 April 1965, Hon. Sam R. Shannon, Jr., sitting as Special Circuit Judge, In Equity, entered the following order:

"THIS CAUSE coming on to be heard ore tenus before the Court on respondent's motion to dissolve temporary injunction. The Court having considered the same is of the opinion that said motion is well taken, it is, therefore,

"ORDERED, ADJUDGED and DECREED by the Court that said motion is granted and that the temporary injunction heretofore issued on the 26th day of February, 1965, be and hereby is dissolved."

The record contains no ruling by the court on the demurrer filed by McNaughton to the bill seeking a temporary injunction, nor is there any ruling on the motion to discharge.

In Sims, Alabama Chancery Practice, in Section 655, it is stated:

"If the motion is to dissolve, and there is on file a demurrer to the bill for want of equity, or exceptions to the

answer, they must all be considered at the same time with the motion. But even if there is no demurrer on file, of course the Chancellor must dismiss the bill if it lacks equity."

■ It would appear therefore that the better practice would have been to have had a ruling both on the demurrer to the bill as filed by Block, and on the motion to dissolve temporary injunction. However, since there was no ruling on the demurrer we must base our review upon the state of the pleadings as disclosed by the record, that is, a petition for a temporary injunction, to which no answer was filed, the temporary injunction issued ex parte pursuant to the bill, the motion to dissolve, to which there was no answer, and the order dissolving the temporary injunction.

The bill filed by Block seeking the temporary injunction recites in parts pertinent to this review, the following:

"2. Complainant further avers that for several years it has operated its said business in said City of Birmingham, Alabama whereby it engages in the business of preparation of income tax returns, bookkeeping and other tax matters for its customers, and complainant has built up and established a valuable and extensive trade in the same, and that same has been acquired by the company from an outlay of considerable time, money and effort; complainant has from year to year by serving the needs of its customers built up a large number of such customers for which it prepares the annual tax returns. Further your complainant avers that it has a large number of customers for which it maintains, on a monthly basis, their books and prepares such other tax returns as required by State and Federal law. That the Complainant has developed a valuable good will for its said business in Jefferson County and Birmingham, Alabama.

"3. Complainant further avers that on, to-wit, December 28, 1963, when re-spondent applied for employment, he did enter into and sign a contract of employment on that date, a copy of which is attached hereto as Exhibit A and made a part hereof as if set out in full herein.

"4. Complainant further avers that respondent was furnished an established office space in which to carry out his employment contract and that the customers of H & R Block Co., the complainant herein, were referred to him for the completion of their returns, and complainant did teach and train said respondent in the operation of his said business and certain procedures to be followed; did give respondent access to information which he used in dealing with the various persons and businesses who were your complainant's customers. Complainant avers that he did give employment to the respondent as provided for in the said employment contract; that respondent did complete substantial training programs as provided by the complainant.

"5. Complainant further avers that on, to-wit, April 15, 1964, the said respondent ceased his employment with the complainant and thereafter on, to-wit, January 4, 1965, commenced doing business as Mac's Tax Mill and/or became employed by Mac's Tax Mill which is a similar business to that of the complainant's business. That the respondent has on numerous occasions attempted to induce prior customers of the complainant into the said business which is physically located adjacent to the North Birmingham office of the complainant in violation of the terms and conditions as set forth in Exhibit 'A'; that after being informed by various persons that they desired their return to be made by H & R Block Co., as such customers had previously been doing, the respondent sought to induce them to permit the respondent to prepare the said returns in violation of his written agreement. Complainant further avers that the said respondent engaged in the same or similar business or was em-

ployed by the said business, in violation of the aforesaid written agreement; Complainant further avers it is informed and believes, and upon such information and belief, avers the fact to be that the respondent has called upon and contacted customers or clients of complainant's said business with whom he became acquainted with or dealt with while in the employ of the complainant, that the said respondent has actually solicited business from the following customers of the complainant known to him to be such, viz.: Mrs. C. A. Myrick and Mrs. Walter C. Boutwell. Complainant further avers that unless this Honorable Court will take immediate jurisdiction of this cause and forthwith effect an order or decree restraining and enjoining the said William J. McNaughton from further violating the terms of said written agreement, complainant and its said business will suffer irreparable loss or injury in that such violations and damage will impair the good will of complainant's said business and will substantially decrease complainant's income therefrom. Complainant further avers that it is without a full, adequate and complete remedy at law in that the damages to the good will, including loss from its customers, contracts and profits arising out of the aforesaid violations of said agreement, that such are incapable of ascertainment in a court of law; and complainant is further advised that the said respondent possesses such a limited estate that respondent could not be made to answer in damages in a suit at law for the full amount of complainant's losses, that respondent's said business activities in Jefferson County and Birmingham, Alabama in competition with complainant is causing and will in the future cause irreparable injury to complainant's business and good will; such will cause complainant's customers to be diverted; that complainant has no feasible way of determining with particularity all of the specific instances in which it has and will in the future suffer injury and damage to its business.

"Complainant in all things offers to do equity and submits itself to the jurisdiction of the Court for such purposes."

The contract of employment executed by McNaughton on 8 December 1962, which contract was attached to and made a part of the bill, provides that the employee duties shall consist of preparing accurate tax returns, etc., and performing general office services; the employment to take effect on the day the employee commences his duties after 1 January provided his training has been satisfactorily completed. The employee's compensation for his services was fixed at 20% of gross dollar income produced by the employee, with a guaranteed minimum payment of $1.25 per hour, with a bonus of 4% of said gross dollar volume payable on or before 25 April following termination of the contract.

The employment contract also contains the following covenant:

"Employee further agrees that during said two (2) year period following the termination of this agreement, he shall not in the City, set forth above, of his employment hereunder, or within the County, set forth above, prepare an income tax return for any of COMPANY'S customers, such customers being defined as taypayers whose last filed State or Federal income tax returns were prepared by COMPANY."

A motion to dissolve confesses the averments of the bill, whether well or ill pleaded, and in the absence of a verified answer denying all the material averments, can be grounded only on a want of equity in the bill. Burch v. Burch, 231 Ala. 464, 165 So. 387. And as stated in Louisville and Nashville R. R. Co. v. City of Bessemer, 108 Ala. 238, 18 So. 880:

"The dissolution of an injunction will be allowed only upon the want of equity in the bill, or the denials of a verified answer. Upon motion to dissolve, technical errors or inaccuracies are not

available. All amendable defects are regarded as amended."

To the same effect see also Woodward v. State, 173 Ala. 7, 55 So. 506; Pennington v. Birmingham Baseball Club, Inc., 277 Ala. 336, 170 So.2d 410.

Section 1061, Title 7, Code of Alabama 1940, provides:

"Upon the hearing of motion to dissolve an injunction, the court may consider the sworn bill and answer, whether the answer contains denials of the allegations of the bill or independent defensive matter, *and also such affidavits as any party may introduce.*" (Emphasis ours.)

■ However, in Pennington v. Birmingham Baseball Club Inc., supra, this court held that in the absence of an answer Section 1061, supra, had no application, and affidavits not made exhibits to a bill could not be looked to in determining the sufficiency of the bill. As before stated, no answer was filed to the bill, nor to the motion to dissolve. We must therefore look solely to the averments of the bill to determine whether it contains equity. This presents only a question of law.

Grounds 1 and 2 and 3 of the motion to dissolve are to the effect:

1. There is no equity in the bill.

2. The averments of the bill do not show grounds for relief.

3. The alleged contract which the complainant seeks to enforce is contrary to the public policy of the State of Alabama.

Grounds 1 and 2 are essentially to the same effect, and Ground 3 also in essence goes to the equity of the bill.

■ Counsel for appellee McNaughton first argues that a chancellor has wide discretion in awarding a temporary injunction, and the same rule should apply to its dissolution, and that every presumption should be indulged in favor of the decree of the

trial court. Counsel cites State v. Simonetti, 273 Ala. 571, 143 So.2d 444, and Davis v. Ross, 255 Ala. 668, 53 So.2d 544, in support of this contention. However, in Simonetti, testimony was taken ore tenus before the court on the motion to dissolve, and in Davis v. Ross, supra, the motion to dissolve was submitted on answer and supporting affidavits. In the present case the motion was submitted solely on the motion, with no answer. This posture of the pleading raises only the equity of the complaint, and no presumption in favor of the lower court's decree should be indulged, the question being one solely of law.

Counsel for appellee further contend that the bill on which the temporary injunction was issued is without equity in that the alleged contract averred in the bill is unenforceable because:

a. The contract seeks to restrain McNaughton from exercising a lawful profession, trade, or business, and is therefore void under the general public policy of this state, and

b. The alleged contract lacks mutuality.

As to whether the contract is in restraint of trade, it is to be noted that Section 22, Title 9, Code of Alabama 1940, provides:

"Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."

Section 23, Title 9, Code of Alabama 1940, in the part pertinent to this review provides:

" * * * one who is employed as an agent, servant, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof * * * so long as such employer carries on a like business therein."

Clearly the covenant by McNaughton not to prepare income tax returns in Birmingham or Jefferson County for any of Block's customers for a period of two years after termination of his employment, was a valid covenant under the provisions of Section 23, supra.

Counsel for appellee argue that the contract sought to be enforced lacks mutuality in that it does not purport to obligate Block to employ McNaughton for any definite period; it expresses an hourly rate of pay but does not guarantee any minimum number of hours of work, or any minimum compensation; it imposes no obligation on Block except as to rate of compensation, and imposes numerous obligations on McNaughton. As stated by counsel:

"The instrument can be characterized only as unilateral and lacking in mutuality of obligation. As such it is unenforceable in law or equity."

However, Paragraph 4 of the bill, supra, sufficiently avers performance under the contract to bring the unilateral contract, otherwise unenforceable, within the exception that although an agreement might not be binding on both parties at the time of execution, it may be made so by performance under it. In Pratt Consolidated Coal Co. v. Short, 191 Ala. 378, 68 So. 63, the principle is thus stated:

" * * * If the party in whose favor a 'unilateral promise is made accept its performance, or do any act in recognition of its implied or intended, though unexpressed, consideration, this supplies the element of mutuality, and gives a right of action.' * * * "

In brief counsel for appellee also argue:

"Nowhere does the bill allege that the complainant has paid to the respondent the consideration stipulated in said agreement. The complainant certainly cannot enforce in a court of equity an agreement which it has violated. For aught that appears (and on motion to dissolve, like on a demurrer, the bill must be construed most strongly against the Complainant) the Complainant has not performed and complied with the agreement relative to paying the Respondent."

We hasten to observe that we do do not agree with that portion of counsel's argument inclosed in parenthesis. While a motion to dissolve is somewhat similar to a demurrer for want of equity in a bill (Pennington v. Birmingham Baseball Club, Inc., supra) this similarity is only that both raise the equity of the bill. In their pleading aspect they are entirely dissimilar as to the intendments to be indulged in considering the sufficiency of the bill.

Appellee relies upon Hill v. Rice, 259 Ala. 587, 67 So.2d 789, in support of this argument. It was held in Hill v. Rice, supra, that the bill was defective in failing to aver, other than by inference, that the complainant had employed *and paid* the respondent under a unilateral employment contract. However, the appeal in Hill v. Rice, supra, was upon a decree overruling the respondent's demurrer to the bill of complaint. Under such conditions averments of the bill are to be construed most strongly against the pleader. Rudisill v. Buckner, 244 Ala. 653, 15 So.2d 333; Federal Land Bank of New Orleans v. Vinson, 246 Ala. 95, 18 So.2d 865.

The present appeal involving only the bill, and motion to dissolve, technical errors are not available, and all amendable defects are regarded as amended, and the motion to dissolve confessed the averments of the bill whether well or ill pleaded.

The bill did allege that Block gave McNaughton employment as provided in the employment contract made a part of the bill. This contract fixed the rate of compensation, and provided wages to be paid bi-weekly. The contract of employment is dated 28 December 1963, and the bill avers that McNaughton ceased his employment with Block on 15 April 1964. Thus, while

the bill may be lacking in the specificity complained of by the appellee and subject to demurrer, the bill could easily have been made specific without any departure from the matters reasonably inferred in the language of the bill.

Counsel for appellee further argues that the bill lacks equity in that the contract of employment does not prohibit the solicitation of Block's customers by McNaughton, but merely prohibits McNaughton from *preparing* income tax returns for former customers of Block for the period specified.

■ The hypersophistication of this argument negatives its validity. The solicitation by McNaughton of former customers of Block within the proscribed period, as alleged in the bill, can only be deemed to show a present purpose to prepare income tax returns for them. Otherwise, why the solicitation? The averments of the bill, we think, are entirely sufficient to set in motion the jurisdiction of equity to prevent the violation of the covenant by McNaughton not to prepare income tax returns for the former customers of Block. Harris v. Theus, 149 Ala. 133, 43 So. 131.

The legal principles governing as above set forth necessitate the conclusion that the temporary injunction, under the case as presented by the pleadings, was improvidently dissolved. The decree appealed from is therefore due to be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.

On Rehearing

HARWOOD, Justice.

In brief in support of appellee's application for rehearing counsel strenuously argues that in our original opinion we, in effect, overruled in part Cherry Investment Corp. v. Folsom, 273 Ala. 575, 143 So.2d

181, which counsel contends holds that every presumption must be indulged in favor of a decree dissolving a temporary injunction, even in the absence of an answer or evidence and even though the bill for the temporary injunction contained equity.

*Cherry,* supra, was an appeal from an order denying a motion to dissolve a temporary injunction. No answer was filed to the motion to dissolve. Concluding that the bill for the temporary injunction contained equity, the decree of the lower court was affirmed. This is the true basis, the ratio decidendi, of the *Cherry* case.

It is true that in the opinion in *Cherry* we find the following statement:

"Moreover, in considering the question of the dissolution of the injunction, the court is vested with a wide discretion and will weigh the relative degree of injury or benefit to the respective parties and especially where the discretion of the lower court has been exercised without apparent abuse."

For this statement the court cites Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516.

A reading of Holcomb v. Forsyth, supra, shows the following:

"In considering the question of dissolution *on the denials of the answer,* the court is invested * * *" (Emphasis ours.) The remaining portion of this statement is the same as set out in *Cherry,* supra.

■ Thus in *Holcomb,* supra, the source of the statement in *Cherry,* the discretion of the lower court in dissolving a temporary injunction is posited upon the existence of an answer. If the temporary injunction is issued on a bill containing equity, and no answer is filed to the bill nor evidence presented, we can see no basis for the exercise of discretion solely upon a motion to dissolve, the sole question then being the equity of the bill.

'Counsel further argues that we erred in applying the presumption of amendment rule to the original bill, in that the failure of the bill to allege payment to respondent of monies earned, which, counsel contends, is a substantive fact which cannot be presumed as cured by amendment. In this regard counsel cites Mudd v. Lanier, 247 Ala. 363, 24 So.2d 550. In *Mudd* the appeal was by the respondents from a decree on their demurrer, and on their motion to dissolve an injunction issued pending the cause. Some of the *appellees* (complainants) requested that the injunction be maintained on a theory of estoppel, a matter not alleged in bill originating the proceedings. This court held that this new substantive matter (estoppel) could not be presumed, but only matters defectively pleaded. It must be remembered that in *Mudd* it was the appellees-complainants seeking to invoke this presumed amendment to uphold their bill.

Where the complainant is seeking an injunction, no condition for assumption of amendments obtains, for the complainant is the actor. On a motion to dissolve, the respondent is the actor, and hence, his motion to dissolve on want of equity in the bill presupposes that amendable defects should be taken as cured, the implication being that objections in the form of a motion to dissolve confesses the bill as perfected. McHan v. McMurry, 173 Ala. 182, 55 So. 793. When it is apparent, if the facts were well pleaded, a case for relief would exist, a respondent should be put to a demurrer, specifying the grounds of objection, and affording the complainant the opportunity of removing such grounds. Seals v. Robinson and Company, 75 Ala. 363.

Both at law and in equity, liberal rules for amendment of pleadings are the established policy. Farmer v. Hill, 243 Ala. 543, 11 So.2d 160. In the present case a presumption of an amendment to show payments to McNaughton by Block would in no wise be a radical departure from the cause of action stated in the original bill, nor would it make an entirely new case. Of course it would not work an entire change of parties. As stated in our original opinion, the original bill could easily have been amended without any departure from matters reasonably inferred in the language of the bill.

The original opinion has been corrected to show the date of the contract of employment to be 28 December 1963.

Opinion extended, application overruled.

LIVINGSTON, C. J., and MERRILL, J., concur.

SIMPSON, J., concurs in conclusion.