182 So.2d 856

**ALABAMA POWER COMPANY**

**v.**

**ALABAMA ELECTRIC COOPERATIVE.**

**3 Div. 191.**

Supreme Court of Alabama.

Feb. 10, 1966.

**124**

Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, and Steiner, Crum & Baker, Montgomery, for appellant.

Jas. T. Hardin, Asst. Atty. Gen., for appellee State Finance Director.

Adams, Gillmore & Adams, Grove Hill, and Rushton, Stakely & Johnston, Montgomery, for appellee Alabama Electric Cooperative.

HARWOOD, Justice.

This is an appeal from an order of Hon. Richard P. Emmett, Judge of the Circuit Court of Montgomery County in Equity, dissolving a temporary injunction.

The temporary injunction was issued in connection with a review by certiorari by the Circuit Court of Montgomery County of an order by the Finance Director of the State of Alabama authorizing the Alabama Electric Cooperative, Inc., a Corporation, to issue bonds looking toward the construction of a steam generating plant and transmission lines.

The Alabama Power Company, an opposing intervenor in the proceedings before the Finance Director, contemporaneously with filing its petition for certiorari in the Circuit Court of Montgomery County, and ancillary thereto, filed a bill for a temporary injunction to maintain the status quo pending a final determination of the certiorari proceedings. Such injunction was granted conditioned upon the execution of a $5000.00 injunction bond. Such bond was executed.

The respondents filed a motion to dissolve the temporary injunction. However, the writ of certiorari was issued by the Circuit Court and no further action was taken in regard to the temporary injunction. The Circuit Court reversed and quashed the order of the Finance Director, and the Cooperative and the Finance Director perfected an appeal to this court from such decree.

This court reversed the decree of the Circuit Court, and upon application for rehearing by the Power Company, the original opinion was extended, and the application for rehearing was denied. In view of the extension of the opinion, the Power Company filed a second application for rehearing. This it had the privilege of doing. Alabama Public Service Commission v. Southern Bell Telephone and Telegraph Co., 269 Ala. 361, 113 So.2d 503; Kelley v. Osborn, 269 Ala. 392, 113 So.2d 192; Alabama Co. v. Brown, 207 Ala. 18, 92 So. 490.

After the denial of the first application for rehearing but while the second application for rehearing was pending, the Cooperative and Finance Director amended their motion to dissolve the injunction, attaching to such amendment a copy of the opinion of this court reversing the Circuit Court, and a copy of the ruling on the first application for rehearing.

Upon hearing the court granted the motion to dissolve the injunction. The Power Company immediately filed a motion for reinstatement of the injunction, and upon denial of such motion, applied to this court for its reinstatement.

Thereupon this court ordered that the injunction be reinstated pending the final determination of the appeal.

It is the action of the Circuit Court dissolving the temporary injunction pending the final determination of the appeal that is now before us for review.

█ Counsel for the Cooperative and the Finance Director have filed a motion to dismiss this appeal on the ground that the issue presented by the decree dissolving the injunction has become moot by reason of finality of our decision in the main case in which the decree of the Circuit Court was reversed.

Such argument overlooks the collateral rights inherent in this ancillary proceeding relative to the dissolution of the injunction, i. e., the right to sue upon an injunction bond upon the dissolution of an injunction. Such question is not moot. Adams v. Riddle, 233 Ala. 96, 170 So. 343, 107 A.L.R. 657. The motion to dismiss this appeal is therefore denied.

There being no statutory right of appeal in the main case to review the determination of the Finance Director authorizing the issuance of the bonds, such review was undertaken by common law certiorari. (See Alabama Electric Cooperative, Inc. v. Alabama Power Company, 251 Ala. 190, 36 So.2d 523.) In such mode of review there is no method for maintenance of the status quo pending a full review by the Circuit Court, or an appellate court, other than by an injunction to that end. Such injunction acts as a suspension of the judgment or order until such time as the issues of the main proceedings are finally determined in a judicial proceeding.

The bill for the injunction alleged facts sufficient to show that the petitioning Power Company had rights to be protected, for which there was no adequate remedy at law, and that irreparable injury might well result if the status quo not be maintained pending final judicial review. The bill for the injunction therefore contained equity, and the injunction was properly issued.

A motion to dissolve an injunction confesses the averments of the bill, whether well or ill pleaded, and in the absence of a verified answer, and there was no such answer in this proceeding, the dissolution can be grounded only on a want of equity in the bill. Burch v. Burch, 231 Ala. 464, 165 So. 387; Louisville and Nashville R. R. Co. v. City of Bessemer, 108 Ala. 238, 18 So. 880.

Therefore, even had the motion to dissolve been providently brought, the court below erred in its decree dissolving the injunction, the bill on which it was issued containing equity.

A more compelling reason necessitating the reversal of this decree results from the fact that no basis for entertaining such motion to dissolve, or even for entertaining a motion to discharge the injunction, existed.

By the very terms of the injunctions maintaining the status quo issued by the Circuit Court and by this court, such injunctions were to remain in effect only until the final determination of the main case, either in the Circuit Court, or final determination on review by this court. The injunctions under their own terms could not be deemed to have any life beyond such final determination. Each injunction was automatically discharged, and ceased to exist upon the final decision of the main case by this court. No further procedure was necessary in the premises.

The injunction maintaining the status quo was promptly reinstated by this court following its dissolution below for the reason that no final judgment had been rendered by this court pending action on the second application for rehearing. This in effect was a reversal of the decree of dissolution here appealed from.

It is clear therefore that the decree of the Circuit Court dissolving the injunction was erroneously entered. The injunction having expired by its own terms upon the final judgment of this court upon the second application for rehearing in the main suit, any effort toward its discharge would appear unwarranted, and merely an attempted exercise in kicking an already dead horse.

The decree below is due to be reversed, and remanded with instructions, and it is so ordered.

Motion to dismiss this appeal denied.

Decree below reversed and remanded with instructions.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.