## FLEMING v. BRYARS.

### 4 Div. 732.

Supreme Court of Alabama.

Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

E. C. Boswell, of Geneva, for appellant.

Huey & Huey, of Enterprise, for appellee.

**BROWN, Justice.**

This appeal is from the decretal order of the court granting the defendant's motion to dissolve the temporary injunction issued upon the filing of the bill.

The grounds upon which the motion was rested are the want of equity in the bill, and on the denials of the sworn answer, controverting the facts upon which the equity of the bill is rested, and it appears from the decretal order that it was rested upon one or the other of such grounds. Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

Treating amendable defects as cured, and looking to the facts stated—not the manner of their statement—we are clear to the conclusion that the averments of the bill show a fraudulent and oppressive use of the power of foreclosure, coupled with fraud in forcing the complainant to execute the conveyance, sought to be canceled, and that the bill, so considered, is not wanting in equity. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Ritter v. Moseley, 226 Ala. 648, 148 So. 143; Castleman v. Knight, 215 Ala. 429, 110 So. 911.

The fraudulent and oppressive use of the power of sale in the mortgage, under the facts alleged, showing the subsequent conveyance of the property by the complainant to the defendant, of itself, does not give the bill equity, and the sworn answer of the defendant, while it admits that the mortgage was foreclosed without notice, contains an affirmative denial of the alleged fraud in connection with the subsequent settlement and execution of the deed, alleging in detail the facts and circumstances thereof.

It is well settled that, "in considering the question of dissolution on the denials of the answer, the court is invested with a wide discretion, and will weigh the relative degree of injury or benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand, or its dissolution on the other"; and especially so where the discretion of the lower court has been apparently exercised without abuse. Harrison v. Yerby, 87 Ala. 185, 6 So. 3; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 So. 50; Holcomb et al. v. Forsyth, supra.

We are not able to affirm on this appeal that the lower court abused the discretion in dissolving the injunction on the sworn denials of the defendant's answer, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.