3 So.2d 65

## LINDSEY v. VIKING REFRIGERATORS, Inc., et al.

### 4 Div. 214.

Supreme Court of Alabama.
June 19, 1941.

John C. Walters, of Troy, for appellant.

426

Oliver W. Brantley, of Troy, for appellees.

LIVINGSTON, Justice.

The appeal in this case is prosecuted from the decree of the Circuit Court of Pike County, in Equity, dissolving a temporary injunction.

The amended bill alleges in substance that complainant entered into a conditional sales contract to purchase certain refrigerator equipment from respondent. That complainant was induced to enter into the contract on account of the misrepresentation and fraud of respondents' agent or agents. That subsequent to the filing of the original bill, the respondent Viking Refrigerators, Inc., instituted a suit in detinue in the Circuit Court of Pike County to recover the equipment covered in the conditional sales contract. The bill prays:

"Wherefore, the premises as considered, complainant prays that respondents be given notice of this suit, as required by law, and that if they fail to appear and plead, within the time as required, that the cause be taken as confessed against them; and, complainant prays that your honor, or this court, ascertain the value of the equipment set out in exhibit A, and if the same be less than $700.00, or equal thereto, that the said contract be cancelled, and the complainant be granted a lien upon said property for said amount, or whatever value the court·places upon the property, and if it exceeds $700.00 that the court permit him to pay the excess and cancel the contract.

"Complainant further prays that the court issue a writ of injunction restraining the said respondents from prosecuting said detinue suit, in any manner whatsoever, until this case is finally determined.

"Complainant submits himself to the court's jurisdiction, offers to do and perform all equity, and, if mistaken in the relief prayed for in this bill, that the court grant him such other relief as he is entitled to."

On April 5, 1941, a temporary injunction was granted, enjoining respondents from prosecuting the detinue suit until the further order of court.

The respondents filed a sworn answer to the bill, supported by affidavits. In substance, the answer alleges that respondents did not sell the refrigerator equipment to complainant. That the note and conditional sales contract covering the equipment sued for was a contract entered into by and between complainant and the Alabama Fixture Company. That respondent was a bona fide purchaser for value of the note and conditional sales contract, having purchased the same before maturity from the Alabama Fixture Company without notice of any misrepresentation or fraud or any equities existing between complainant and the Alabama Fixture Company.

The motion to dissolve was submitted on the sworn answer and supporting affidavits. The decree dissolving the temporary injunction recites: "The sworn answer fully denies all allegations of the bill tending to connect the respondent with the sale of goods to complainant, as do the affidavits. The answer and affidavits also disclose that complainant had paid only about $150.03 on the purchase price of the goods, and not $700.00 as alleged in the bill. Nor does complainant offer any proof to support his bill. Considering all of the pleadings with the supporting affidavits, it is my opinion that complainant had no contract relations with this respondent, and that whatever remedy he might have is against the Alabama Fixtures Company. It is, therefore, ordered, adjudged and decreed by the court that said temporary injunction which heretofore issued in this cause, restraining Viking Refrigerators, Inc., from further prosecuting its detinue suit against complainant filed on

the law side of this court, May 29, 1941, for recovery of the property described in complainant's original bill, be, and the same is hereby dissolved."

It will be observed that the decree of the lower court recites that "nor does complainant offer any proof to support his bill."

It is well settled that, in considering the question of dissolution on the denials of the answer and supporting affidavits, the court is vested with a wide discretion and will weigh the relative degrees of injury or benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand or its dissolution on the other. Fleming v. Bryars, 277 Ala. 660, 151 So. 846.

We are not able to affirm on this appeal that the lower court abused its discretion in dissolving the injunction on the sworn denials of the respondents' answer and affidavits, and the decree is therefore affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.