Zimmerman, J.
 

 These two cases are in this court for decisions on their merits pursuant to appeals as of right from the Court of Appeals for Cuyahoga county, that court having affirmed the decrees of the trial court for the defendants, the appellees herein.
 

 The actions originated in the Court of Common Pleas. In each of them the plaintiff claimed that the
 
 *520
 
 respective defendants, wholesalers of cigarettes, were-violating the “Unfair Cigarette Sales Act” (Section 6402-10
 
 et seq.
 
 General Code), in that they were selling cigarettes for less than “cost to the wholesaler” in direct contravention of Sections 6402-11 (c) and' 6402-12
 
 (a),
 
 General Code. Permanent injunctions were prayed for against the defendants to prohibit the: practice against which complaints were made. •
 

 The actions were precipitated when, on November 1, 1945, defendants reduced their selling price on the so-called popular brands’ of cigarettes from $1.45-per carton to $1.42 per carton.
 

 Plaintiff, engaged in the business of selling cigarettes at wholesale, is what is commonly known as a “service wholesaler,” that is, one who employs salesmen, extends credit to customers and makes deliveries, of his merchandise. The defendants are what are-ordinarily designated as “cash and carry wholesalers,” which means that the major portion of their customers come to defendants’ places of business for purchases and pay cash, upon delivery, for the merchandise obtained.
 

 Principally involved in these controversies are two-sections of the General Code.
 

 Section 6402-11 (c) provides:»
 

 “The term ‘cost to the wholesaler’ shall mean the invoice cost of the cigarettes to the wholesaler, or the replacement cost of the cigarettes to the wholesaler within thirty days prior to the date of sale, in the quantity last purchased, whichever is lower; less all trade discounts except customary discounts for cash; to which shall be added a wholesaler’s markup to cover, in part the cost of’ doing business, which wholesaler’s mark-up, in the absence of proof of a lesser cost of doing business by the said-wholesaler as evidenced by the standards and methods of
 
 *521
 
 accounting regularly employed by him in his allocation of overhead costs and expenses, paid or incurred, including without limitation, labor, salaries of executives and officers, rent, depreciation, selling costs, maintenance of equipment, delivery, delivery costs, .all types of licenses, taxes, insurance and advertising, shall be two per centum of said invoice cost of the cigarettes to the wholesaler, or of the replacement cost of the cigarettes to the wholesaler within thirty ■days prior to the date of sale in the quantity last purchased, whichever is lower, less all trade discounts except customary discounts for cash.”
 

 Section 6402-12
 
 (a)
 
 recites:
 

 “It shall be unlawful for any retailer with intent to injure competitors, destroy substantially or lessen ■competition, to advertise, offer to sell or sell at retail ■cigarettes at less than cost to the retailer, or any wholesaler, with intent to injure competitors, destroy substantially or lessen competition, to advertise, offer to sell or sell at wholesale cigarettes at less than cost to the wholesaler and such retailer or wholesaler shall he guilty of a misdemeanor and punishable, by a fine •of not more than five hundred dollars. ’ ’
 

 Upon the trial of the actions, a considerable amount ■of evidence was offered. Based on such evidence, the trial court found that the defendants’ “cash and ■carry” price of $1.42 per carton of cigarettes and the delivered price of $1.43 per carton represented amounts below “cost to the wholesaler,” upon application of the formula contained in Section 6402-11 (c), General Code.
 

 In addition, the court found from the evidence an intent on the part of the defendants to injure competitors and lessen competition, and that some injury to the plaintiff had been established.
 

 However, the court denied the requested injunctions
 
 *522
 
 and entered decrees for the defendants on the basis, that Section 6402-11 (c), General Code, in attempting to prescribe a method for determining minimum sales, prices, fails to recognize and provide for cost differentials between the operations of “service wholesalers” on the one hand and “cash and carry wholesalers” on the other, particularly as concerns the item of “cash discounts” in relation to the other factors of cost included in the definition of “cost to* the wholesaler,” and that hence the statute as it stands is arbitrary, unreasonable and discriminatory,, and violates the due-process and equal-protection clauses of the 14th Amendment to the Constitution of the United States and Section 19, Article I of the Constitution of Ohio.
 

 The Court of Appeals took substantially the same view of the controversies as did the trial court, and this court finds itself in general accord with the determinations made below.
 

 As we view the matter, the infirmity of Section 6402-11 (c), General Code, lies in the fact that it is so* framed as not to make allowances for the differences in operating costs of different types of wholesalers,, with the result that its application creates discrimination in favor of one wholesaler over another. This being so, the statute violates the due-process and equal-protection clauses of the federal and state constitutions, and is, therefore, invalid.
 

 Although in this day and age it can hardly be urged that legislative bodies in the exercise of the police power may not, in the public interest and in the promotion of economic stability (annotations, 118 A. L. R., 508, and 128 A. L. R., 1127), prohibit sales at below cost, the legislation enacted to accomplish such objects must be so phrased as to recognize economies and practices Avhereby one seller is able to sell par
 
 *523
 
 ticular merchandise' at a lower price than a competitor .and still not be chargeable with selling below actual ■cost.
 

 Prom what has been said, the judgments of the ■Court of Appeals in both cases are affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen ;and Stewart, JJ., concur.