143 So.2d 444

**STATE of Alabama**

v.

**SIMONETTI, INC.**

**6 Div. 806.**

Supreme Court of Alabama.

July 12, 1962.

MacDonald Gallion, Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

Smith & Moore, Montgomery, for Alabama Wholesale Tobacco Ass'n, amicus curiae in support of appellant.

W. S. Pritchard, Jr., Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellee.

**HARWOOD, Justice.**

This appeal was taken from a decree dissolving a temporary injunction. Appellant filed a suit charging appellee with repeated and wilful violations of the Alabama Unfair Cigarette Sales Act, Pocket Part 1940 Code, Tit. 57, § 83(1) et seq. A temporary writ of injunction was issued ex parte on July 26, 1961. A motion to dissolve was filed and after a hearing, a decree was entered dissolving the temporary injunction, and the State appealed.

The bill of complaint, as amended, charged that appellee, as a wholesale dealer, was selling cigarettes below cost with intent to injure its competitors and destroy or substantially lessen competition; that this conduct was causing irreparable damage and injury to the wholesalers and jobbers of cigarettes in Jefferson County and the Birmingham trade area who were complying with the Act; that "cigarettes cannot be sold without violating the provisions of said Act, and particularly section 83(4) (k), pars. 1 and 2 thereof, for less than the following amounts per carton:

| | |
|---|---|
| Regular brands, regular size | $2.58 |
| King size | 2.68 |
| King size, filter | 2.70"; |

and that respondent was selling cigarettes for 9¢ and 10¢ per carton less than the stated prices and that this constituted a violation of the Act.

On August 9, appellee filed a sworn answer raising the constitutionality of some of the sections and provisions of the Act, denying the material allegations, other than those of jurisdiction, and particularly denying that it was selling cigarettes below its cost as a wholesale dealer or with intent to injure its competitors or substantially lessen competition.

The motion to dissolve was also filed on August 9 and the hearing was set for August 29, 1961. The motion was heard on oral testimony and affidavits and the decree dissolving the temporary injunction was entered on October 6, 1961.

This court had previously upheld the constitutionality of the Act in general, and held that the demurrer to the bill was properly overruled because the bill of complaint sufficiently charged a violation of the Act. Simonetti, Inc. v. State, 272 Ala. 398, 132 So.2d 252. But we also said that:

"We are not to be understood as holding that all of the provisions of the Act are constitutional because the validity of all the provisions of the Act are not here challenged."

Appellee argued the unconstitutionality of certain sections of the Act in the court below and in brief here, and an oral argument urged that the cause be considered on its merits rather than upon the limited appeal from the decree dissolving the temporary injunction. We cannot accede to this request.

The constitutionality of a law will not be considered on appeal unless essential to the decision of the actual case before the court. Moses v. Tarwater, 257 Ala. 361, 58 So.2d 757; Smith v. McQueen, 232 Ala. 90, 166 So. 788; Smith v. Speed, 50 Ala. 276. The decision in this case can be reached without deciding the constitutionality of particular sections of the Act, and those questions are laid aside.

We quote in part from the opinion of the trial court:

"The matter of respondent's 'destructive intent' may be said to be crucial

and indispensable to the equity of the bill under the statute insofar as its essence has been held not inconsistent with our Constitution of 1901. Simonetti, Inc. vs. State, 272 Ala. 398, 132 So. (2nd), 252. If the respondent can disprove or at least negative such an intent, it would be entitled to a dissolution of the prohibitory writ pendente lite upon its motion. Also, if the respondent, under such a motion, can establish that his selling is not below his actual cost as distinguished from theoretical cost, he would be similarly entitled to such dissolution.

\* \* \* \* \* \*

"The Court finds and concludes that movant has successfully negated an intent to destroy competition though doubtless his pricing practices have had material and adverse effect upon at least some of his competitors. On the matter of cost, the Court finds and concludes that respondent has demonstrated from the evidence that his sales are not below his actual cost. Here we necessarily enter the difficult field of cost accounting, and the differing bona fide expert and informed opinions upon questions therein. The Court was not unimpressed by the testimony of the accountant offered by movant who had apparently made the most careful and close study and analysis of its cigarette sales cost that is available in the record.

\* \* \* \* \* \*

"Insofar as the balancing of comparative and relative hardships and inconveniences are concerned, it would appear on the proof now in the record that such considerations weigh in favor of the respondent movant.

\* \* \* \* \* \*

"For the foregoing reasons, together with others not necessary to state in detail, the Court is of the opinion that the motion to dissolve must be granted and is accordingly \* \* \*."

It is well settled in Alabama that, in considering the dissolution of a temporary injunction on the bill and answer and supporting affidavits, the court is vested with a wide discretion, and will weigh the relative degrees of injury and benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand, or its dissolution on the other. Lindsey v. Viking Refrigerators, 241 Ala. 425, 3 So.2d 65; Fleming v. Bryars, 227 Ala. 660, 151 So. 846; Davis v. Ross, 255 Ala. 668, 53 So.2d 544.

We deem it necessary to mention only such evidence as would show that the decree of the trial court is supported.

Wholesale dealers price cigarettes by the carton. They are priced by three categories: regular, king size and filter. The manufacturer's prices of cigarettes have remained constant since 1957. That price to appellee for a carton of king size filter cigarettes is $1.80. Added is the State tax of 60¢ per carton, and the Jefferson County tax of 20¢ per carton, making the total cost $2.60 per carton. The gross profit consisted of the 2% discount on the list price, 3.64¢, plus 7½% discount on the State tobacco stamps, 4.5¢ plus 10% discount on county tobacco tax, 2¢, totaling 10.14¢, because the cost had been reduced to $2.49 per carton. Other costs chargeable to appellee's tobacco department raised the costs to slightly in excess of $2.54 per carton, making the net profit 6¢ per carton when the carton is sold to a retailer for $2.60. The method employed in analyzing and breaking down the costs was the general acceptable accounting procedure. This was the testimony of the accountant referred to in the opinion of the trial court, and this evidence supports the finding of the trial court that appellee was not selling cigarettes below his actual cost.

Other items of evidence supporting the finding were that the per cent of tobacco sales to appellee's total sales dropped from 46.88% in 1957 to 35.43% in 1960. The percentage of the tobacco market in Alabama, attributable to appellee, dropped from

2.31% in 1958 to 1.87% in 1960. Appellee used fewer salesmen than other competitors, and its business is predominately cash and carry, eliminating much delivery expense.

The evidence also shows that two large wholesalers of tobacco products in Birmingham, R. D. Burnett Cigar Co., Inc., and Merchants Cigar & Candy Company, sold cigarettes cheaper than appellee. These wholesalers are among those complaining about the prices charged by appellee. A table shows the difference in prices each charged:

| Brand | SIMONETTI | BURNETT | MERCHANTS | Alleged price under Act |
|---|---|---|---|---|
| Reg. | 2.49 | 2.456 | 2.456 | 2.58 |
| King | 2.58 | 2.544 | 2.544 | 2.68 |
| Filter | 2.60 | 2.564 | 2.564 | 2.70 |

These prices by Burnett and Merchants were to chain stores, but they show conclusively that these firms were selling cigarettes cheaper than appellee sold them.

◼◼ Much of the testimony was taken ore tenus before the court. When so, every presumption will be indulged in favor of the trial court, and its finding and decree will not be disturbed unless plainly wrong. Parkman v. Ludlum, 260 Ala. 235, 69 So.2d 434. And this presumption is applied where the question is the dissolving of a temporary injunction even when improper testimony has been heard by the court, Nelson v. Hammonds, 173 Ala. 14, 55 So. 301. See also, Morris v. Sartain, 224 Ala. 318, 140 So. 373.

Under the authorities cited in this opinion, we cannot say that the decree of the trial court should be reversed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.