266 So.2d 882

Harvey L. RABREN, as Commissioner of Revenue, State Department of Revenue, et al.

v.

CITY WHOLESALE GROCERY COMPANY, INC.

6 Div. 813.

Supreme Court of Alabama.

Sept. 7, 1972.

James C. Barton, Sydney L. Lavender, Birmingham, for appellee.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., White E. Gibson, Jr., Sp. Counsel, Dept. of Revenue, for appellants.

**276**

COLEMAN, Justice.

Respondents appeal from a decree granting declaratory relief prayed for by complainant and ancillary injunctive relief.

Complainant is a licensed wholesaler of tobacco products including cigarettes. Respondents are the Commissioner of the State Department of Revenue and certain other officials.

Act No. 805, approved September 11, 1951, Acts of 1950, Vol. II, p. 1402, is a substantial part of the subject matter of this suit. The Act appears in 1958 Recompiled Code, Title 57, § 83(1) et seq.

Complainant filed its bill to enjoin respondents from revoking or failing to renew complainant's license as a tobacco wholesaler. Complainant prays for decree declaring the Act unconstitutional; or, if it be declared that the Act is constitutional as applied to complainant, that complainant's actual cost of cigarettes be declared rather than the so-called "formula" price attempted to be enforced against complainant by respondents.

Respondents filed answer and cross bill praying that the relief sought by complainant be denied, that the order revoking complainant's license be affirmed, that the court declare that the formula established by the Department of Revenue pursuant to the Act is valid, or, if the formula is not valid, that the court declare that the Act is unenforceable as written.

After a hearing, the court found, among other things, that complainant has not sold cigarettes below complainant's actual cost with intent to injure competitors and destroy or substantially lessen competition; and, that it is unnecessary for the court to determine the constitutionality of the Act.

The court decreed that respondents be enjoined from revoking complainant's license, cancelled the order revoking the license, and dismissed the cross bill.

Respondents assign for error that the court erred in finding that complainant has not sold cigarettes below its actual cost with intent to injure competitors and destroy or substantially lessen competition.

In part, the Act recites:

Section III. "(a) It shall be unlawful for any wholesaler or retailer, with intent to injure competitors, destroy or substantially lessen competition, to advertise, offer to sell, or sell at wholesale or retail, cigarettes at less than cost to such wholesaler or retailer as the case may be. Any wholesaler or retailer who shall violate the provisions of this section shall be guilty of a misdemeanor and be punishable by fine of not more than $500.00."

One essential element of the crime declared by the statute is that a wholesaler sell "at less than cost to such wholesaler."

This court has declared that the act of selling below cost must be accompanied by two additional elements, to-wit: with intent to injure competitors *and* destroy or substantially lessen competition. The court said:

"'5. In order for the Act to fairly subserve the purpose of inhibition of monopoly, as distinguished from the purpose of merely procuring "fair" competitive prices as an end in itself, the Act must be construed so as to require the dual, conjunctive, or cumulative intent to injure competitors *and* destroy or substantially lessen competition.

"'In other words, where the comma occurs between the words "competitors" and "destroy" in the first sentence of Section III(a) the conjunctive "and" must be understood. Otherwise, the Act would fall within the influence of the principles of the Kelly-Hunter cases, having an independent alternative based on mere injury to competitors, without more.'" Simonetti, Inc. v. State ex rel. Gallion, 272 Ala. 398, 408, 132 So.2d 252, 263.

█ It is clear that if a wholesaler does not sell at less than actual cost to the wholesaler, the wholesaler is not guilty of violating the Act. State v. Simonetti, Inc., 273 Ala. 571, 143 So.2d 444.

We consider then whether the court erred in finding that complainant has not sold below its actual cost.

Complainant contends that it does not sell at less than its cost because its actual cost of certain cigarettes is, or was at the time in question, $3.2888 per carton, and that complainant sold these same cigarettes for $3.39, and thus made a profit of approximately ten cents (10¢) per carton. This contention is supported by the testimony of complainant's witness, Jackson, a Certified Public Accountant who has made audited statements for complainant for

eight years, and whose qualifications the respondents admit.

Jackson testified that his conclusion is that complainant has not sold under its cost. The witness testified with respect to complainant's Exhibit 9 which is as follows:

"COMPLAINANT'S EXHIBIT NO. 9

"City Wholesale Co.

| | | | |
|---|---|---|---|
| Manufacturer's Cost | | | $1.96 |
| Plus | | | |
| (a) state tax | $1.00 | | |
| (b) County tax | .40 | + | 1.40 |
| | | Total cost | $3.36 |
| LESS | | | |
| (a) 2% discount from list price | $ .0392 | | |
| (b) 7½% discount on state stamps | .0750 | | |
| (c) 10% discount on County stamps | .040 | − | .1542 |
| | | | $3.2058 |
| PLUS | | | |
| Other costs chargeable to tobacco dept. | | | .0830 |
| | | | 3.2888 |
| | | Price | 3.3900 |
| | | cost − | 3.2888 |
| | | Net profit | $ .10" |

As we understand the testimony, the $1.96 figure at the beginning of Exhibit 9 is the manufacturer's invoice price for a carton of cigarettes, but the manufacturer allows complainant a 2% discount for payment within ten days, and complainant invariably pays within ten days and takes the two per cent discount which is $.0392 per carton.

The state sells tax stamps to complainant at 7½% discount from face value. A carton requires $1.00 in face value of state tax stamps.

The county sells tax stamps at 10% discount to complainant. A carton requires 40¢ in face value of county tax stamps.

Complainant bears the expense of affixing the stamps on the cigarette packages.

As we understand the evidence, the "Other costs chargeable to tobacco depart-

ment", in amount of $.0830 is the amount of complainant's other costs of doing business allocated to the tobacco department and includes the expense of affixing the tax stamps.

By the method illustrated in Exhibit 9, the actual cost of state tax stamps works out to be $.925 per carton instead of $1.00 which is the face value of the stamps. Complainant contends that the method of showing the actual cost of a carton of cigarettes as set out in Exhibit 9 is in accord with the method employed by this court in calculating the cost in State v. Simonetti, Inc., 273 Ala. 571, 143 So.2d 444, in paragraph [4] of the opinion.

Respondents contend that the stamp discounts cannot be used in the manner employed in Exhibit 9 because the Act requires a different treatment. Respondents contend that cost to wholesaler must be calculated according to the provisions of subdivisions (j) and (k) 1. of Section IV of the Act which are as follows:

"(j) 'Basic cost of cigarettes' shall mean the invoice cost of cigarettes to the retailer or wholesaler as the case may be, or the replacement cost of cigarettes to the retailer or wholesaler, as the case may be, within thirty days prior to the date of sale, in the quantity last purchased, whichever is lower, less all trade discounts and discounts for cash, to which shall be added *the full face value of any stamps* which may be required by any cigarette tax act of this state or any political subdivision thereof now in effect or hereafter enacted, if not already included by the manufacturer in his list price.

"(k) 1. The term 'cost to wholesaler' shall mean the 'basic cost of cigarettes' to the wholesaler plus the 'cost of doing business by the wholesaler', as evidenced by the standards and methods of accounting regularly employed by him in his allocation of overhead costs and ex-

penses, paid or incurred, and must include, without limitation, labor costs (including salaries of executives and officers), rent, depreciation, selling costs, maintenance of equipment, delivery costs, all types of licenses, taxes, insurance and advertising." [Emphasis supplied]

This court has said:

" '1. Under the Kelly-Hunter line of decisions in this state, the legislature cannot, consistently with Sections 1 and 35 of the State Constitution, regulate competitive prices or prohibit bona fide competitive price cutting in businesses not affected with a public interest, merely in the interest of fairness in competition.

" '2. The legislature may, however, exercise the police power of the state to inhibit creation of monopolies, whether the business concerned is affected with a public interest or not.' " Simonetti, Inc. v. State, supra.

Respondents' contention is to effect that complainant must include as an item of cost the full face value of the stamps even though complainant did not pay for the stamps the amount equal to the full face value of the stamps. If this contention be correct then the statute requires complainant to include as an item of cost an amount which complainant does not pay. In a case involving a Minnesota Unfair Trade Practices Act, the United States District Court said:

" * * * To define 'cost' as something which may or may not be what a merchant has actually paid in the ordinary course of trade for his goods, it seems to us is arbitrary and discriminatory. To treat a sale of goods which yields to a merchant all that he has actually expended for the goods plus his cost of doing business, as an unfair trade practice merely because the manufacturer has published lists of prices and dis-

·counts on the basis of which it appears that the merchant paid more for his goods than he actually did pay, seems unjustifiable. * * *" Great Atlantic & Pacific Tea Co. v. Ervin, 23 F.Supp. 70, 79.

In affirming a judgment holding an "Unfair Cigarette Sales Act" unconstitutional, the Supreme Court of Ohio said:

"Although in this day and age it can hardly be urged that legislative bodies in the exercise of the police power may not, in the public interest and in the promotion of economic stability (annotations, 118 A.L.R. 508, and 128 A.L.R. 1127), prohibit sales at below cost, the legislation enacted to accomplish such objects must be so phrased as to recognize economies and practices whereby one seller is able to sell particular merchandise at a lower price than a competitor and still not be chargeable with selling below actual cost." Serrer v. Cigarette Service Co., 148 Ohio St. 519, 76 N.E.2d 91.

This court has indicated that the cost to the seller under the Alabama Act must be the actual cost and not a theoretical or fictitious cost. This court has said:

"It follows that we cannot agree with the finding that Tobacco Company was selling cigarettes 'at prices below cost to it,' and we cannot concur in the finding that Tobacco Company did not show that by proof its cost of doing business was lesser than the statutory 'presumed' cost as established by the statutory formula.

"We are fortified in this last statement by the holding in State v. Simonetti, Inc., 273 Ala. 571, 143 So.2d 444, where the first application of the law, prior to the 1965 amendment, was considered by this court. In that case, we affirmed the finding of the trial court that: ' * * * Also, if the respondent, (a cigarette wholesaler), under such a motion, (to dissolve an injunction), can establish that his selling is not below his actual cost as distinquished from theoretical cost, he would be similarly entitled to such dissolution. * * * On the matter of cost, the Court finds and concludes that respondent has demonstrated from the evidence that his sales are not below his actual cost. * * *.'" San Ann Tobacco Company v. Hamm, 283 Ala. 397, 405, 217 So.2d 803, 809.

■ Under the last cited case, the cost of cigarettes to a wholesaler in a proceeding under the Act must be actual cost and cannot include the amount of the stamp discounts which complainant has not paid and is not liable to pay.

■ The evidence supports a finding that complainant was not selling below its actual cost. It follows that the court did not err in making such finding.

■ The trial court did not pass on the constitutionality of the Act. As respondents insist, subsections (j) and (k) 1. provide that "the full face value" of the stamps must be included in the statutory cost to wholesaler. This provision cannot stand because to follow the provision would make the Act a price fixing statute in a business not affected with a public interest, and violate Sections 1 and 35 of the Constitution of 1901. Simonetti, Inc. v. State, 272 Ala. 398, 132 So.2d 252. It necessarily follows that subsections (j) and (k) 1. are unconstitutional. This court cannot amend the Act by striking out the words "full face value" and inserting other different words in lieu of those stricken. State v. Dawson, 264 Ala. 647, 89 So.2d 103.

The Act, in Section XIV, provides that its provisions are severable and if any sections or provisions be held unconstitutional or void, the remainder of the Act shall continue in full force and effect. Under the severability provision, the provisions

**280**

other than subsections (j) and (k) 1. of Section IV of the Act remain in effect.

■ Respondents say that "The current decree unqualifiedly and permanently enjoins the Commissioner of Revenue from revoking complainant's (appellee's) license," and say that the permanent injunction means that the Commissioner is deprived of power to take appropriate action against complainant for whatever violation of the Act complainant may commit after the date of the decree.

With respect to injunction, the decree recites:

"ONE: Respondents, and those acting under their authority and direction are hereby enjoined from revoking the license of Complainant to do business as a wholesaler of tobacco."

The complainant replies to this argument as follows:

"* * * We believe that this is an unnecessary alarm on the part of appellants and a strained interpretation of the decree of the trial court. The decree of the court is obviously limited to the determinations of the court with respect to the matters litigated and determined in the proceeding."

As presently advised, we are of opinion that the decree is not erroneous with respect to the injunction ordered.

Inasmuch as the evidence shows that the court did not err in finding that complainant had not sold at less than its cost, and, therefore, was not violating the Act, it is not necessary to consider other matters argued by respondents.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, and McCALL, JJ., concur.