87 So.2d 671

Matthew **KNOX**

v.

**STATE.**

**6 Div. 106.**

Court of Appeals of Alabama.

May 22, 1956.

Arthur D. Shores, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted under an indictment which charged that:—"Matthew Knox, a Communist, who knowingly contributed funds or property to the Communist party, did fail to register with the department of public safety after remaining in this state for five consecutive days after the 12th day of September, 1951" (the effective date of the act under which he was prosecuted).

The offense charged in the indictment arises out of an act approved September 12, 1951, Chapter 27A, Title 14, Code of Alabama 1940, pocket part. This act defines a "communist," "the communist party," and "communist front organizations," and requires that all communists, or members of the communist party, or those persons who are knowingly members of communist front organizations, who remain in this State for five consecutive days, shall register with the department of public safety before the fifth day of their stay in this State.

Section 97(1), supra, reads:

"A 'communist' is a person who: * * * (B) knowingly contributes funds or any character of property to the communist party."

It was of course this provision under which the indictment was drawn.

The evidence presented by the State tended to show that on the night of 6 August 1954 Mr. A. A. Norman and Mr. F. R. Studdard, police officers of the City of Birmingham, were searching an apartment house in Birmingham in an attempt to find a radio reported to have been stolen from one of the apartments.

Entering the apartment of the appellant in the course of their search they found a quantity of books, pamphlets, and tracts clearly communistic in nature. Some of this literature showed on its face that it was published by the "Communist Party, U. S. A." Some of the papers were published in Moscow, and some in China.

Upon the discovery of this literature Mr. Harold Fincher, a detective for the City of Birmingham, was summoned to the scene.

Mr. Fincher placed the defendant under arrest and thereafter interviewed him.

The voluntary character of appellant's statements being established, Mr. Fincher testified the appellant had told him that on a cold night during the past winter a Negro man had approached him while he was in front of his apartment, with the request that he be permitted to leave some stuff in his apartment. Although appellant had never seen this man before, and has not seen him since, his request was readily granted.

On cross examination Mr. Fincher testified that to his knowledge there had been no complaint made, prior to the night in question, that appellant had distributed any literature, or that appellant was a communist.

Mr. Joe Smelley, an executive officer of the Department of Public Safety of this State, testified that the appellant had not registered as a communist with the department.

Mr. Fincher and Mr. Smelley were the only witnesses presented by the State.

The appellant offered no evidence in the proceedings below.

The issue raised by the evidence presented is its sufficiency to support the judgment—that is, does the possession of communistic literature tend to establish to the required degree that this appellant was a communist and knowingly contributed funds or property to the communist party, as charged in the indictment.

To merely state the question dictates a negative answer. There is not one iota of evidence that this appellant contributed funds or property to the communist party.

While his possession of such literature may have rendered him suspect, it is elemental that judgments of guilty in criminal cases cannot rest upon surmise, speculation, nor suspicion.

Nor, can the contempt with which our citizens almost universally regard the communist party, and those dupes who would forward its machinations, be substituted for basic and necessary evidential requirements and burdens of proof that must be met by the State under our system of jurisprudence.

The State having failed to present evidence tending to support the charges contained in the indictment, it follows that the lower court erred in refusing the appellant's motion to exclude the testimony and discharge the appellant.

Counsel for appellant further urges the question of the constitutionality of the provisions of Chapter 27A, supra.

The constitutionality of this act not being essential to a decision in this case we pretermit consideration thereof in view of the settled doctrine that the validity of a statute will not be determined on appeal unless necessary to the decision of the par-

ticular case. See Vol. 4, Ala.Dig., Constitutional Law, ⚭46(1) for innumerable authorities.

■ Since not raised in the court below we pretermit consideration of the question of supersession of enforceability of our State act, supra, as it may be affected by the Smith Act of 1940, as amended in 1948, 18 U.S.C. § 2385. See Commonwealth of Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477.

Reversed and remanded.