228

215 So.2d 443

**Ex parte ALABAMA TEXTILE MANUFACTURERS ASSOCIATION, Inc., et al.**

3 Div. 384.

Supreme Court of Alabama.

Oct. 31, 1968.

Rehearing Denied Nov. 21, 1968.

Jones, Murray, Stewart & Varner, Montgomery, Bradley, Arant, Rose & White, Birmingham, for petitioners.

Steiner, Crum & Baker, Montgomery, Lange, Simpson, Robinson & Somerville, and Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, for Ala. Power Co.

signed to the author of this opinion on September 25, 1968.

This is an original proceeding in this court by Alabama Textile Manufacturers Association, Inc., and others, seeking a writ of mandamus or prohibition or other appropriate writ requiring Honorable Richard P. Emmet, as Judge of the Circuit Court of Montgomery County, in Equity, to vacate an order granting supersedeas made in a pending case, and to grant a motion for appointment of a special three-judge court. The request for the writ arose out of the following facts:

In February, 1968, Alabama Power Company filed with the Public Service Commission new schedules of retail electric rates and charges. The Commission suspended the operation of the proposed new schedules to conduct an investigation and hold a public hearing. The hearing was concluded on June 14, 1968, after 14 days of testimony and evidence. On June 24, 1968, the Commission entered an order finding that the existing rates of Alabama Power Company are adequate to enable the Company to earn a fair net return on the reasonable value of its electric property devoted to the public service. The Commission further ordered that the proposed new rate schedules not be permitted to become effective and required them to be canceled.

On June 27, 1968, Alabama Power Company filed notice of appeal to the Circuit Court of Montgomery County. On July 26, 1968, the Company filed in the Circuit Court of Montgomery County a bill of complaint seeking, among other relief, a permanent injunction against enforcement of the Commission's order of June 24, 1968. Contemporaneously, the Company filed an application for supersedeas to suspend the Commission's said order during the time required for judicial review.

Alabama Textile Manufacturers Association, Inc. and a number of its member companies, all of whom were permitted to intervene in the proceedings before the Public Service Commission, filed written objec-

MERRILL, Justice.

This case was originally assigned to another member of the court and was reas-

tions to the application for supersedeas and also filed a motion for appointment of a special court pursuant to the provisions of Act No. 538, Acts of Alabama 1955, p. 1185, approved September 9, 1955, listed as Tit. 48, §§ 101(1)–101(5), 1958 Recompilation.

Following oral argument and briefs, the respondent, Judge Emmet, entered an order on August 26, 1968, overruling petitioners' said motion for appointment of a special court and granting supersedeas of the Commission's order of June 24, 1968, upon the filing of an appropriate bond. Alabama Power Company filed a supersedeas bond in response to Judge Emmet's order and, on August 27, 1968, Judge Emmet entered a decree granting application for supersedeas, fixing the amount of bond and approving same. By its terms, the decree of supersedeas stays and supersedes the Commission's order of June 24, 1968 until final disposition of the review proceedings and permits Alabama Power Company to charge and collect the proposed new rates during the same period.

On September 4, 1968, petitioners filed their petition for writ of mandamus and alternative petition for writ of prohibition praying therein for an alternative writ requiring the respondent, Judge Emmet, to show cause why he should not be ordered to vacate his order and decree granting the application for supersedeas, grant petitioners' motion for appointment of a special court and, further, why he should not be ordered not to proceed further in this case. On September 6, 1968, petitioners filed an amendment to their said petition setting forth certain pleadings and orders below which had been omitted from the original petition. This amendment was filed with the consent of respondent and Alabama Power Company.

By agreement of all parties and the court this case was set for argument on the issuance of the alternative writ, or rule nisi, on September 18, 1968. Subsequent to the said argument, Judge Emmet filed an answer waiving issuance of the rule nisi and his right to argue orally and to file briefs and respectfully requesting this court to rule on the primary questions presented by the petition, to wit, whether the said Act No. 538 requires the appointment of a special court of three judges for hearing and determination of the application for supersedeas and bill of complaint heretofore filed by Alabama Power Company.

Alabama Power Company filed a petition to intervene in this mandamus proceeding and also filed a motion to dismiss it, "because petitioners have no standing to bring it, and because, even if they did, the matters they seek to raise at this interlocutory stage can be raised on appeal, and accordingly the petition is premature."

We consider first the motion to dismiss. Alabama Power Company argues that the Public Service Commission has not brought this proceeding, but that Alabama Textile Manufacturers Association, Inc. (hereinafter referred to as ATMA) characterized by the Alabama Power Company as "an interloper (below and here)," is seeking to divert the ordinary processes of a regular appeal to the court below by Alabama Power Company from an adverse rate order of the Public Service Commission. We cannot agree that ATMA is an interloper.

Title 48, § 80, Code 1940, provides:

"Any intervenor or interested party may appeal from any final order of the commission within the time, in the manner, and upon the conditions provided by this title for appeals from orders of the commission."

ATMA was an intervenor in the proceedings before the Public Service Commission and was, and is, an interested party. We note that a similar question was raised by two of the same three law firms signing the brief here in the case of Alabama Power Company v. Alabama Public Service Commission, 278 Ala. 597, 179 So.2d 725, and was decided adversely to the Power Company in that case, citing Tit. 48, § 80. See also Alabama Electric Co-operative v.

Alabama Power Company, 274 Ala. 332, 148 So.2d 613.

In addition, Equity Rule B, revised, of the Circuit Court of Montgomery County, which is the forum for appeals from orders of the Commission in rate cases, provides in pertinent part:

"* * * the party taking the appeal shall become Complainant-Appellant in said Circuit Court, and all parties adverse to Complainant-Appellant in the proceeding before the Commission resulting in the order appealed from and said Commission shall be made Respondents-Appellees * * *.

"A copy of said pleading shall be served on the Alabama Public Service Commission and on all Respondents-Appellees or their Attorneys or Solicitors of record * * *. For the purpose of this Rule all parties to the proceedings before the Commission resulting in the order from which said appeal is taken shall be considered as Respondents-Appellees."

We hold, under the authorities cited supra, that ATMA was not an interloper and did have the right not only to intervene but to file this proceeding as a party before both the Commission and the circuit court.

We come now to the question of whether it is appropriate that we decide at this stage of the proceeding whether or not Act 538, Acts 1955, p. 1185, Tit. 48, §§ 101(1)–101 (5), is constitutional and applicable to this cause.

■ The constitutionality of a law will not be considered on appeal unless essential to the decision of the actual case before the court. State v. Southern Electric Generating Co., 274 Ala. 668, 151 So.2d 216; State v. Simonetti, Inc., 273 Ala. 571, 143 So.2d 444, and cases there cited. The decision in this case can be reached without deciding the constitutionality of Act 538, Acts 1955, and those questions are laid aside. State v. Simonetti, supra.

■ The constitutionality of Act 538 need not be decided because we are convinced that it does not apply to orders of the Public Service Commission relating to "rates, fares or charges" (the words used in Tit. 48, §§ 84, 86, 88). In Ex parte Alabama Public Service Commission, 268 Ala. 322, 106 So.2d 158, we held that the appeal statutes do not provide for the granting of a supersedeas by the circuit court when the Public Service Commission refuses to permit a railroad to discontinue a train. We said that the supersedeas sections clearly pertain to orders having to do with "rates, fares or charges" and not to an order refusing a permit to abandon service. We also said:

"We think there is a vast difference between the two types of orders. The matter of 'rates, fares or charges' affects the very life blood of a utility or common carrier. The railroad could be irreparably injured, if not destroyed, if compelled to await a final judicial determination of an unfair, unreasonable or arbitrary order of the Commission relating to 'rates, fares or charges.' It has been held *in rate cases* that a utility could seek injunctive relief in federal courts under the Due Process clause of the Fourteenth Amendment where the right to supersede the order of a commission or board is not available, Pacific Telephone & Telegraph Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975, and where supersedeas was sought but denied by the state court, Oklahoma Natural Gas Co. v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659. Not only do our statutes provide for a supersedeas of the orders of the Commission as to 'rates, fares or charges,' Tit. 48, §§ 79–93, but we have held that our statutes afford due process under the Fourteenth Amendment. Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A.L.R. 872."

Since the denial of the right of supersedeas in rate cases could violate the Constitution of the United States, we cannot hold that Section 5 of Act 538 repealed §§ 79–93 of Tit. 48. Section 5 reads:

"All laws or parts of laws which conflict with this Act are repealed. But

nothing herein contained shall be construed as a repeal of Sections 94–101, inclusive, of Title 48, Code of Alabama (1940)."

It will be noticed that §§ 94–101 apply to bonds and appeals in *injunction* cases. Section 1 of Act 538 also provides for a special court of three judges in injunction cases, and reads:

"An interloctutory or permanent injunction restraining the enforcement, operation, or execution of an order or decision of the Alabama Public Service Commission shall not be granted by any circuit judge unless the application therefor is heard and determined by a special court of three judges provided for as follows."

We conclude and hold that Act 538 does not apply to orders of the Alabama Public Service Commission which deal with "rates, fares or charges"; and since the petition before us requests us to apply the Act to a rate case, the petition for writ of mandamus must be denied.

Writ denied.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.