218 So.2d 276

**Ex parte Albert P. Brewer et al.**

**In re Albert P. BREWER et al.**

**v.**

**GENERAL TELEPHONE COMPANY OF ALABAMA et al.**

**3 Div. 400.**

Supreme Court of Alabama.

Jan. 16, 1969.

Oakley Melton, Jr., Wm. F. Black, Montgomery, Oliver W. Brantley, Troy, Jack Livingston, Scottsboro, C. R. Lewis, Dothan, Yetta G. Samford, Jr., Opelika, MacDonald Gallion, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for petitioners.

Power, Griffith, Jones & Bell, Columbus, Ohio, Lee & McInish, Dothan, and Hill, Hill, Stovall, Carter & Franco, Montgomery, for respondents.

MERRILL, Justice.

This is an original petition filed in this court by the Governor, the Public Service Commission and certain cities, towns, industries and organizations served by General Telephone Company, seeking a stay of the order of the Circuit Court of Montgomery County, entered November 25, 1968, granting supersedeas and bond to General Telephone Company (hereinafter called General from an order of the Alabama Public Service Commission (hereinafter called Commission) denying General an increase in telephone rates from which General had appealed to the circuit court.

The record in this case consists of the petition, to which is attached Exhibits "1" and "A" to "H," a motion to dismiss the petition, and the answer of the trial judge, Honorable Eugene W. Carter, to which is attached Exhibit "A," a copy of the decree granting supersedeas and fixing bond, and being identical with petitioners' Exhibit "B."

A condensed background is that General petitioned the Commission for an increase in rates, which after hearings, was denied by the Commission on May 14, 1968. General appealed and applied for supersedeas, but the circuit court postponed its decision until a determination by this court of Ex parte Alabama Textile Manufacturers Association, Inc., 283 Ala. 228, 215 So.2d 443. Four days after rehearing was denied in that case, the circuit court, on November 25, 1968, rendered the decree granting supersedeas, fixing bond, and thereby allowing the proposed rates to become effective on December 17. The Commission appealed from this decree. The record in that appeal has not yet reached this court. Petitioners, or some of them, filed motions in the circuit court to stay the operation of the supersedeas until this court could pass on the appeal and these motions were denied after hearing on January 3, 1969. The instant petition was filed in this court on January 6, 1969.

The petition raises two points; first, that petitioners have not had their day in court because the circuit court understood that it was required to grant the supersedeas and that the granting was mandatory on the court; that this understanding and action was erroneous and the trial court had not exercised its judicial discretion in granting the supersedeas; and second, that the proposed rates and the new rates now in effect show increases "in no case less than 100% of present rates and in some cases as much as 393.75%"; and we quote paragraph 11 of the petition:

"Petitioners aver that the rendering of said Supersedeas Order dated November 25, 1968 has permitted the Respondent General Telephone to commence collecting increased telephone rates which are unconscionable, unwar-

ranted, exhorbitant, unreasonable, confiscatory, capricious, arbitrary, unbelievable, unprecedented, preposterous, and completely and totally unjustified and which constitute a gross injustice or atrocious wrong on the customers of Respondent General Telephone as well as the public at large and the State of Alabama. Said increased telephone rates are the highest telephone rates in the United States of America. Said increased telephone rates are now being collected under the Supersedeas Order and bond without any special showing as to why the General Telephone subscribers, who are located in a relatively low income section of the United States, should be subjected to the highest telephone rates in the United States. Every day that the collection of said increased rates is permitted to continue under the supersedeas decree, irreparable injury will be suffered by the 75,000 customers of Respondent General Telephone and the people of Alabama. The collection of the increased rates is a gross injustice and unconscionable wrong to the customers of the Respondent General Telephone and to the public and is depriving the said customers of their property without due process of law and thereby denying to the said customers, the public, and the State of Alabama, their individual and collective rights which are guaranteed under the Constitution."

The answer of the trial judge shows that the decision on supersedeas was postponed until our decision in the ATMA case, as already noted; that the decree on supersedeas had already been appealed to this court (also previously noted); and that the merits of the rate case had been set by agreement to be argued in the circuit court on February 11 and 12, 1969.

It appears from the record that the learned and experienced trial court did understand the law to be that it was required to grant the supersedeas and that such action was mandatory. The decree granting supersedeas (petitioners' Exhibit

"B" and General's Exhibit "A") does not so indicate and we quote from the decree:

"The Court has concluded, after consideration of the law and evidence, that the Appellant, General Telephone Company of Alabama, a corporation, will suffer definite and irreparable damage if its Application for Supersedeas be denied, and if its petition for increased rates should be ultimately granted for and in such event it could never recoup the increased rates which should have been paid by its customers during the pendency of this matter in the Court. On the other hand the Court is of the opinion the customers of Appellant will sustain no substantial injury, inconvenience or damage if, pending final determination of the cause on its merits, the order of the Appellee, Alabama Public Service Commission, be stayed or superseded, provided the Appellant, General Telephone Company of Alabama, gives an adequate bond to cover the refund of any rates or charges which may ultimately be determined to be in excess of lawful rates or charges as shown by the books and records of the Appellant to be kept in accordance with law."

But petitioners' Exhibit "C," which contains excerpts of argument on various motions before the court, and rulings of the court thereon, on January 3, 1969, just five days before the hearing before this court, shows clearly that the trial court deemed the granting of the supersedeas mandatory.

In argument, counsel for General said, in part:

"* * * and I know that the newspaper accounts and articles with reference to this case up to the one that came out this morning was distorted and inaccurate in every respect in that it attributed to this Court the discretion, in fact, stated in a number of those articles, that this Court had put those rates into effect, as if Your Honor in the exercise of the discretion of the Court did that

when they knew or should have known, or should have known, whoever prepared the articles should have known, that Your Honor had no right whatsoever to prescribe the rates in this case, but that Your Honor did only what the law required Your Honor to do, and what the Supreme Court of Alabama said what Your Honor had to do, and that was issue the supersedeas writ to which we were entitled as a matter of right. * *

"MR. MELTON: As I understand it, to boil it down to two main points, Mr. Hill contends that supersedeas must be granted as a mandatory matter of right, and that is his first contention on supersedeas, that this Court has no discretion whatsoever, but as a matter of right, this Court must automatically grant supersedeas when they come in with a magic petition and swear to it, and swear that their rates are so much, and they are going to get over $2 million every six months, this Court is automatically mandatorily required to a supersedeas.—

"THE COURT: On the reading of this case I held back to wait until the Supreme Court decided it, and from the way I read it, the Textile case, *it seems to be mandatory.*

"MR. MELTON: Your Honor, in view of the Court's statement that the Court feels supersedeas is mandatory, which we certainly understand that would make any evidence unnecessary, perhaps that would not be necessary, but we think the Court should enter a supplementary order, perhaps on the motion to stay, so declaring that the Court does consider the statutes to be mandatory.

"THE COURT: I don't think it would be necessary for me to do that. What I would have to say, the Court doesn't have jurisdiction because the appeal has already gone to the Supreme Court, and if you all apply for a stay it ought to be applied there. But it is my impression from reading that case, and I held back for them to decide it rather than me.

They came out with a decision, and my impression from that is *it is mandatory.*"

It is also clear to us that the trial court was largely governed by a sentence from Ex parte ATMA, Inc., 283 Ala. 228, 215 So.2d 443, which now reads:

"Since the denial of the right of supersedeas in rate cases could violate the Constitution of the United States, we cannot hold that Section 5 of Act 538 repealed §§ 79–93 of Tit. 48. * * *"

However, when copies of the opinion were sent to the trial judge, counsel for the parties and distributed by the State Bar to others, the twelfth word read "would" instead of "could," and so read when the trial court rendered its decisions on November 25, 1968 and January 3, 1969.

The quoted statement where the word "could" should have originally appeared instead of the word "would" follows a quote which deals, in part, with the right, under the Fourteenth Amendment, of a utility to supersede "an unfair, unreasonable or arbitrary order of the Commission relating to 'rates, fares or charges.'" It was not our intention to say that every denial of a supersedeas by the circuit court "would" violate the Constitution of the United States, but that it "could," and, therefore, our statutes should provide for some sort of supersedeas when the order of the Commission was "unfair, unreasonable or arbitrary."

■ This court has never, to our knowledge, held that §§ 84–89, Tit. 48, required that a supersedeas be granted simply as a ministerial duty, or that the granting was mandatory, when the Commission reduces or refuses to increase rates. The opening sentence of § 84 provides: "No appeal shall stay or supersede the order or action appealed from unless the appellate court or judge thereof, *upon hearing and notice, after consideration of the testimony,* taken before the commission, shall so direct." (Emphasis supplied.) (The circuit court is an appellate court in these proceedings.) We have held, in effect, that the super-

sedeas statutes provide the utility a hearing, and after the hearing, the circuit court "could" order a supersedeas of the Commission's order. Alabama Public Service Commission v. Alabama Power Co., 213 Ala. 374, 104 So. 814 [3].

And in Public Service Commission v. Wisconsin Telephone Co., 289 U.S. 67, 53 S.Ct. 514, 77 L.Ed. 1036, where a three-judge panel in federal district court granted an interlocutory injunction which restrained the enforcement of the Commission's order reducing telephone rates, after a general finding that the Commission's order "would result in the confiscation of the property" of the utility "without compensation and without due process of law" and that there would be irreparable injury if the injunction were not issued, the Supreme Court of the United States vacated the decree and remanded the cause because the district court had not made appropriate findings of fact and conclusions of law and said, in part:

"* * * While an application for an interlocutory injunction does not involve a final determination of the merits, it does involve the exercise of a *sound judicial discretion.* That discretion can be exercised only upon a determination, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief. * * "
(Emphasis supplied.)

█ We think it is clear that the circuit court must exercise its sound judicial discretion to the question of whether or not a request for supersedeas, pending appeal, should be granted in rate cases.

█ Since we are convinced that the trial court did not exercise its discretion under the belief and understanding that it was mandatory that the supersedeas be granted, we are remanding the cause to the circuit court with the directions that the court reconsider the request for supersedeas in the light of what we have written

and enter its decree within ten days from the receipt of this opinion.

We are not trying to tell the circuit court what to do other than to exercise its judicial discretion on the matter of the supersedeas. It has all the facts before it and the question has already been briefed and argued in that court. Whether it desires additional argument by the parties is optional with that court. It may be that it will reaffirm the decree of November 25, 1968; or that it will deny the supersedeas; or that it will postpone the operation of the supersedeas until after the hearing on the merits scheduled for February 11, 1969, or any other order which, in the court's sound judicial discretion, it deems proper,

We are today remanding the original cause, Alabama Public Service Commission et al. v. General Telephone Company of Alabama, 3 Div. 400, to the circuit court in order that that court might have and exercise the same jurisdiction over the matter of supersedeas that it had when the original petition for supersedeas was presented to the court.

Just as we denied a petition for writ of prohibition in an allied proceeding in this cause on the ground that it was prematurely presented to this court because the question of jurisdiction had not been presented to the inferior tribunals before resorting to the writ, Barber Pure Milk Co. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693, just so do we think the question of supersedeas in this matter should be presented to the circuit court with the understanding that the granting is not mandatory on that court.

It is further directed that the new or amended decree, irrespective of the result, shall be included in the record which is being prepared for the appeal from the order granting supersedeas, and any party to that appeal may assign or cross-assign new or additional assignments of error, or if the new decree should change the status of the parties, the present appellee may become the appellant if it should so choose.

**470**

We realize that this procedure may be novel in some of its aspects, but rate cases sometimes are long-drawn-out as shown in the opening sentence in the opinion in State v. Southern Bell Telephone and Telegraph Co., 274 Ala. 288, 148 So.2d 229. Also, as in that case, it is well within the realm of possibility that the circuit court, or this court, may deem it necessary to remand this cause to the Public Service Commission before a decision on the merits can be decided on appeal. It is, therefore, important that the matter of supersedeas be decided according to law as expeditiously as possible. We have not discussed the matter of the amount of the proposed rate increase because that should be considered by the circuit court in the exercise of its sound judicial discretion prior to our passing upon that question.

We realize that one of the sides to this controversy will not be satisfied with whatever decree is rendered by the trial court in the instant proceeding, and that is one reason why we have limited the time for the action of the trial court in order that the new decree may be included in the record now being prepared.

The original cause relating to supersedeas, 3 Div. 400, is remanded to the Circuit Court of Montgomery County for further consideration as to whether a new, additional or supplemental decree of that court should be made pertaining to the granting of a supersedeas, and the inclusion of that decree in the record now being prepared for submission and appeal in this court.

Since this proceeding is interlocutory in nature, and the decision in it does not affect the merits of the cause, and time being important to all the concerned parties, no application for rehearing will be entertained as to the order based on this opinion.

Writ of mandamus awarded as noted in this opinion.

LIVINGSTON, C. J., and LAWSON, SIMPSON, HARWOOD and BLOODWORTH, JJ., concur.