The appellant, James S. Fleenor, alias James Stan Fleenor, was convicted for unlawful possession of Phencyclidine (P.C.P.), a controlled substance, and sentenced to eight years imprisonment, and assessed a fine of six thousand dollars.
The appellant was represented by counsel of his choice, and by court appointed counsel at all proceedings in the trial court, and is represented by court appointed counsel in this Court.
The appellant contends that Act No. 520 Regular Session 1976, and Act No. 551 Regular Session 1977, of the Legislature of Alabama, are unconstitutional and violate Article IV, Sec. 105, and Article VI, Sec. 6.11 of the Alabama Constitution of 1901. The appellant also contends that the trial court committed reversible error when it overruled his objection to, and motion for a mistrial due to remarks made by state's counsel in his closing argument to the jury.
The constitutionality of a statute should not be considered by this Court on appeal from the circuit court unless ESSENTIAL to the decision of the actual case before this Court. A decision in this case can be reached without deciding the constitutionality of Act No. 520 Regular Session 1976, and Act No. 551 Regular Session 1977, of the Legislature of Alabama.Smith v. Speed, 50 Ala. 276; Meeks v. Town Of Hoover, 286 Ala. 373, 240 So.2d 125; Ex Parte Alabama Textile ManufacturersAss'n, 283 Ala. 228, 215 So.2d 443; State v. Simonetti, Inc.,273 Ala. 571, 143 So.2d 444; Knox v. State, 38 Ala. App. 482,87 So.2d 671.
The appellant did not testify during his trial. There was testimony by a state witness that the appellant had needle marks on his arm and that appellant had stated to state's witness that the marks were the results of injecting Mepergan Fortis. During the closing argument of the District Attorney to the jury the following occurred:
 "MR. MADDOX: What did Stan Fleenor say about the tracks up and down his arm? I have been shooting Mepergan Fortis for my pain. He is not going to tell you he was shooting PCP. He is not going to say that. He would be crazy to say that."
 "MR. GIBSON: Judge, we're going to object and I would like to approach the bench. We object to that portion of the prosecution's argument and move for mistrial.
THE COURT: I will overrule the motion for a mistrial.
MR. GIBSON: I except."
The appellant had exercised his right not to testify. The District Attorney, in his closing argument to the jury, commented on the appellant's failure to testify. The appellant objected to the statements of the District Attorney and moved for a mistrial. The trial court overruled appellant's motion for a mistrial. We have no choice other than to grant appellant a new trial. We hold that the foregoing statements of the District Attorney were direct references to the failure of appellant to testify. Article 1, Sec. 6, Alabama ConstitutionOf 1901; Title 12-21-220, Code of Ala., 1975; Padgett v. State,45 Ala. App. 56, 223 So.2d 597; Robinson v. State, Ala.Cr.App.,352 So.2d 11, certiorari denied, 352 So.2d 15; Beecher v.State, 294 Ala. 674, 320 So.2d 727.
For the error pointed out, the judgment of the trial court should be, and is hereby reversed, and this cause is remanded for a new trial.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
REVERSED AND REMANDED.
All the Judges concur. *Page 904