JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Pike County returned an indictment for robbery against the appellant, Alfonzo Dulaney, and upon arraignment appellant entered a plea of not guilty. Appellant was found guilty as charged and duly sentenced to 35 years imprisonment.
The appellant was at all proceedings in the trial court, and is in this Court represented by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief that the issues presented for review by this Court are: First, whether denying a defendant the opportunity to impeach testimony of the complaining witness by showing witness’ adjudication of guilt of an offense involving moral turpitude under the Youthful Offender Act is error; Second, whether defendant was placed in double jeopardy after trial court granted state’s motion for mistrial where question complained of was not answered and the defendant was put on trial the next day.
The record certified to this Court in this case contains two separate and distinct proceedings. One, the first proceeding was on May 29, 1979. The matter terminated by a *120 motion of the state for a mistrial being granted and the jury discharged. This is not a judgment of conviction. The Code of Alabama, 1975, Section 12-22-130 specifically provides that: “A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the supreme court or court of criminal appeals may appeal from the judgment of conviction to the appropriate appellate court.”
We hold that an appeal does not lie from the circuit court to this Court from the circuit court’s ruling granting state’s motion for a mistrial. There is no judgment of conviction. Code of Alabama, 1975, Sec. 12-22-130; Forrest v. State, Ala.Cr.App., 344 So.2d 231; State v. Gautney, Ala.Cr.App., 344 So.2d 232; Simmons v. State, 44 Ala.App. 626, 218 So.2d 159.
The actions of the trial court complained of during the appellant’s trial on May 30, 1979 that concluded with the appellant’s conviction and sentence to the penitentiary for 35 years arose out of the following facts: We quote from the record of the proceedings on May 30, 1979:
“(On Wednesday morning, May 30, 1979, with the defendant back before the Court with his attorney the jury was qualified specially for this case to which the State and defendant stated they were satisfied with the qualifications. The jury was then struck and the following took place with the jury in the box.)
“THE COURT: Ladies and Gentlemen, there has been reached between the defendant and the District Attorney with approval by all of us that you can separate. I see some of you have been on juries before and you know what that means. You are not going to be locked up and kept together under the supervision of some Bailiff or someone and you will be allowed to go your separate ways, but I would like to caution you not to discuss the case with anybody. You haven’t heard a single thing about it. It is just as if nothing had ever transpired and we have a short legal matter to put into this machine before we start and the easiest way to do it is just take the machine back there and put it in there and get out of here. So if you want to keep your seat feel free to do that. If you want to get up, I assure you we will be back within less than five minutes.
“(At this point the Court, Assistant District Attorney, Defendant and his Attorney retired to a witness room and the following took place out of the hearing of any of the jurors selected to try this case.)
“THE COURT: To get to the place for Mr. Dickert, on May 29, 1979, the case of State versus Alfonzo Dulaney was called for trial, jury selected, opening arguments made and the prosecuting witness Mike Johnson was on the witness stand and subjected to cross examination by Mr. Dickert. Mr. Dickert asked the witness have you been convicted, in substance, of a crime at which time Mr. Barr, prosecuting Attorney, objected. The jury was removed from the courtroom and it was made known by the Court who has personal knowledge of the following fact: The witness Mike Johnson with counsel Dickert representing him entered a plea of guilt as a youthful offender and was adjudicated a youthful offender. A mistrial was declared for the court was of the opinion such question could not be eradicated from the minds of the jury the likelihood or not that the witness had a criminal record.
“Now, Mr. Dickert on May 30th, 1979, in a new case of Alfonzo Dulaney desires to interrogate the witness Mike Johnson as to his criminal record, if any, and former convictions.
Is that correct?
“MR. DICKERT: That is correct, Your Honor, for purpose of discrediting his credibility as a witness and impeachment.
“THE COURT: Now, if Mr. Dickert asks that question to Mr. Mike Johnson the Court is going to sustain objection to it and declare another mistrial, because the Alabama Youthful Offender Act expressly declares the public policy of this State is that an adjudication as a youthful offender is no conviction of crime. The record is confiden *121 tial, secret, not subject to disclosure and the statutes and common law of this State provide that the credibility of a witness can only be impeached by the showing of a crime and conviction involving moral turpitude and an adjudication as a youthful offender is not such. To which Mr. Dickert in the presence of his client Dulaney strenuously objects excepts and objects and contends it denies him equal protection of the law and violates fundamental fairness and due process. Do you say that?
“MR. DICKERT: Yes, sir. I have a couple of other items to mention. I think this is clear from what you said, but I want to make sure. The witness never answered the question, is that correct?
“THE COURT: He never did.
“MR. DICKERT: The other thing is that we are now about to go to trial on the same indictment charging the same facts allegedly constituting the same offense and at this time I would like to plead former jeopardy on the behalf of my client in violation of the Constitution Of Alabama and United States Constitution.
“THE COURT: I’d like to ask you if you did not represent Mr. Mike Johnson on youthful offender application and conviction and sentence?
“MR. DICKERT: That is correct, Your Honor.
“THE COURT: And you were aware or had knowledge of his conviction as a youthful offender and you were aware of the Alabama Youthful Offender Act provisions when you asked the question?
“MR. DICKERT: Yes, sir.
“THE COURT: Therefore, it is the ruling of the Court if this be appropriate to rule on the plea of former jeopardy that error was committed intentionally with full knowledge of the provisions and mandate of the fundamental law of this State. It did not occur at any behest of the State or Court. There was no intentional mistrial created by the State. It came solely from the Defendant’s position and he now cannot insist upon jeopardy when error arose from his behest and manifest justice in the interest of the total society and the State of Alabama where error does not spring forth from prosecutorial error or Judge made error will not permit a Defendant to escape the right of the State to put him to trial on a criminal accusation. So motion for plea of former jeopardy, is appropriate, is denied at this point.
“(At this point all persons connected with the trial of this cause including the Defendant returned to the courtroom before the jury.)
“(The attorneys in this cause made their opening statements to the jury to which there were no objections made by either side.)
“MR. BARR: The State calls Mike Johnson.”
Appellant’s contention that Section 15-19-7, Code Of Alabama, 1975, is unconstitutional and in conflict with the 6th Amendment of the Constitution Of The United States Of America, and Section 6 of the Constitution Of The State Of Alabama Of 1901 because it restricts appellant’s right of cross-examination.
The constitutionality of a statute should not be considered by this Court on appeal from the circuit court unless essential to the decision of the actual case before this Court. A decision in this case can be reached without deciding the constitutionality of Section 15-19-7, Code Of Alabama, 1975. (Acts 1971, 3rd Ex. Sess., No. 335, P. 4622, Sec. 6.) Fleenor v. State, Ala.Cr.App., 372 So.2d 902, certiorari denied, Ala., 372 So.2d 904; Smith v. Speed, 50 Ala. 276; Meeks v. Town Of Hoover, 286 Ala. 373, 240 So.2d 125; Ex parte Alabama Textile Manufacturers Ass’n, 283 Ala. 228, 215 So.2d 443; State v. Simonetti, Inc., 273 Ala. 571, 143 So.2d 444; Knox v. State, 38 Ala.App. 482, 87 So.2d 671.
We hold that under the facts in this case it is not necessary that this Court comment on the constitutionality of the provisions of Section 15-19-7, Code of Alabama, 1975, a part of the Alabama Youthful Offender Act.
*122 It further appears from the record before us that the appellant was duly arraigned on the indictment on May 16, 1979, and entered a plea of not guilty. That the cause was set down for trial for the week beginning Monday, May 28, 1979, and was reached for trial on May 29, 1979, which trial terminated when the trial court granted state’s motion for a mistrial, and continued the case to May 30, 1979, which terminated with a verdict of guilty and a judgment sentencing appellant to 35 years in the penitentiary.
It is the general rule that pleas of former jeopardy must be in writing and should be filed before, or simultaneously with, a plea of not guilty, and the failure to file such plea of former jeopardy at that time is generally considered a waiver of the right to assert it, and in the absence of a plea of former jeopardy this Court is without authority to consider it. Hancock v. State, Ala.Cr.App., 368 So.2d 581, certiorari denied, Ala., 368 So.2d 587.
When the appellant was arraigned on May 16, 1979, and later put on trial on May 29, 1979, the rights to a plea of former jeopardy were not in existence because the appellant had never been put on trial on the indictment, and did not come about until the conclusion of the hearing before the court on May 29, 1979. The morning of May 30, 1979 was the first opportunity for the appellant to present the defense of former jeopardy to the court, which the court, out of the presence of the jury, plainly denied the appellant the right to plea former jeopardy. Under the facts in this case, we feel that the trial court should have allowed the appellant to properly present the facts upon which he relies for his plea of former,jeopardy to this Court. We do not think that a presumption of waiver of constitutional rights should apply before the rights exist. We, therefore, hold that under the facts in this case the trial court erred when it refused to allow appellant to file a plea of former jeopardy. Windham v. State, 41 Ala.App. 280, 129 So.2d 338.
For the error pointed out, the judgment of the trial court should be, and is hereby, reversed, and this cause is remanded for a new trial.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a Retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby REVERSED AND REMANDED.
REVERSED AND REMANDED.
All the Judges concur.